In the Matter of the Estate of CHARLES S. BAYLIS, Deceased.

Surrogate's Court, New York County, February 9, 1932.

*Vollmer & Wildermuth*, for testamentary trustee.

*Wood, Cooke & Seitz*, for the objector.

FOLEY, S. This is an accounting by the Title Guarantee and Trust Company, as trustee under the will of the decedent. Objections have been filed by the Brooklyn Children's Aid Society, the remainderman of this small trust, to the claim of the accounting corporate fiduciary for triple commissions.

Under the will of the decedent, practically his entire estate was bequeathed in trust for the benefit of his wife during her life. Upon her death the testator gave numerous general legacies and established several secondary trusts for the benefit of other persons. The Title Guarantee and Trust Company filed its account as executor, and it was judicially settled by decree of the surrogate some years ago. In that decree full commissions were allowed to the corporate executor. Upon the death of the widow the accounting trustee filed its account and a decree settling the account was entered in this court in 1924. In that accounting the trustee received a second full commission on the entire trust estate held for the benefit of the widow. The trust estate was $327,935.42, and the commissions allowed the trustee were $6,578.70.

The present accounting is occasioned by the fact that the secondary trust created for the benefit of Ida P. Whitcomb during her life has terminated. After the termination of the trust for the widow there were not sufficient funds in the estate to pay all the general legacies and to set up the secondary trusts in full. The abatement thus occasioned reduced the trust accounted for in this proceeding from $5,000 to $4,879.32. The accounting trustee asks to be allowed a third full commission on this sum.

I have had occasion to pass on the question presented here before. In *Matter of Morgan* (N. Y. L. J. Aug. 16, 1930) I held that the payment over by a trustee upon the death of the primary life beneficiary, and his retention of either the whole of the trust fund or a part thereof for the benefit of a secondary life beneficiary, was not a paying out of the funds within the meaning of the statute which would entitle him to additional commissions. (Citing *Leask* v. *Beach*, 173 App. Div. 873.) The same rule should be applied in the pending matter. The allowance of a third full commission to the accounting corporate trustee, if granted, would result in the imposition of an unauthorized burden upon the estate here. Triple commissions were not contemplated by the Legislature in the amendments enacted in recent years to section 285 of the Surrogate's Court Act. A generous increase in the amount of commissions was made by these amendments, but the Legislature did not increase the number of successive commissions which can be properly allowed to the same fiduciary. Under section 285 of the Surrogate's Court Act, not more than two such commissions can be allowed, one as executor and one as trustee. The trustee is to be compensated for its complete duties with a single commission, regardless of the number of successive life estates. In no event does the section provide for the allowance of a third commission. Evidently an error was made in the computation of the commissions allowed by the decree settling the account of the trustee upon the death of the widow. There was no controversy on that subject. The commissions should have been fixed at the statutory rate of one-half for receiving the principal of the trust fund, and one-half for the paying out of the general legacies given under the will upon the death of the widow. Commissions should not have been allowed on the alleged paying over of the principals of the secondary trusts.

I hold that under section 285 of the Surrogate's Court Act the accounting corporate trustee has already received all the commissions it is legally entitled to in that capacity.

The objections filed by the remainderman of the trust fund accounted for are sustained. Settle decree on notice accordingly.