## FIDUCIARY TRUST CO. et al. v. UNITED STATES.

District Court, S. D. New York.
Dec. 31, 1940.

Root, Clark, Buckner & Ballantine, of New York City (George E. Cleary and Richard Kilcullen, both of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Myles J. Lane, of Washington, D. C., of counsel), for defendant.

MOSCOWITZ, District Judge.

This is an action for the recovery of federal income taxes in the sum of $2,065.09 for the years 1932 and 1933, assessed and collected by the Collector of Internal Revenue for the Second Collection District of New York, under Sections 161, 162 and 142, Title I of the Internal Revenue Act of 1932, 42 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, pages 534, 540, 541.

The facts have been stipulated by the parties, and the sole issue to be determined here is whether the Fanny Dwight Clark Trust Agreement dated June 2, 1932 creates three separate trusts or a single trust. If three separate trusts were created by that instrument, judgment must be entered in favor of the petitioners and if a single trust was created, the action must fail.

Under the terms of the agreement the settlor transferred various securities to the named trustees, to be held for the benefit of her three children who were minors. The trust agreement provided that the trust property should be divided into three equal shares, and that the trustees should hold one of such shares for each of the three children, and accumulate the income of each share for the benefit of the child for whom the share was held until such child reached the age of twenty-one. Provision was also made for the payment of the income of each share to the child for whom it was held until such child reached the age of thirty. At that time the child was entitled to receive the principal outright. Upon the death of any child under the age of thirty, the share held for such child should be paid over as the child should by will appoint, or, on default of such appointment, should be paid over to the legal heirs of such child. The settlor reserved the right to alter or amend the instrument after June 1, 1935, but not so as to make herself the beneficiary. Nor could any such alteration be made after the child, whose share was affected, reached the age of twenty-five.

In 1933, Fiduciary Trust Company of New York as trustee filed an income tax return for the calendar year 1932, in which computations were made as though there was but one trust. In 1934 a return for the calendar year 1933 was filed on the same basis. On April 25, 1934, the trustee filed amended returns for the years 1932 and 1933 for each of the three shares provided for in the trust agreement, and filed claims for refunds on the ground that three trusts were created instead of one, and that the difference in taxes should be refunded. The Commissioner disallowed the claims for refunds.

The intention of the settlor is controlling on the question as to whether one or three trusts are created under the agreement. United States Trust Company v. Commissioner, 296 U.S. 481, 56 S.Ct. 329, 80 L.Ed. 340; Fidelity & Columbia Trust Company v. Lucas, 6 Cir., 66 F.2d 116. The primary source for the facts necessary to determine that intention is the trust agreement itself. Although the action of the trustee in treating the trust property as though a single trust was created has some bearing on the conclusion, it is not decisive. The action of the trustee would not be .binding upon any of the parties to this litigation if it was in conflict with the specific terms of the trust agreement.

An undivided interest in property may be the subject of a trust. A contrary conclusion would determine the issue here against the petitioners. However, the United States Supreme Court in United States Trust Company v. Commissioner, supra, has conclusively held that such an interest may constitute the corpus of a trust.

Although it is argued that the reference to "trusts" in the agreement is limited to

but two instances, in each case such reference is significant. In Article Ten, entitled "Acceptance Of The Trust", the first sentence reads, "The Trustees hereby accept the trusts created by the agreement * * *," and in Article Five (e) reference is made to the "term of any of the trusts herein provided for." It would be unreasonable to so construe the agreement as to assume that the title of Article Ten was not modified by the body of the article itself, or that the use of the plural by the settlor in Article Five (e) was inadvertent.

Nor is the provision of Article Five D without significance. Authority is there given the trustees, in their discretion, to "keep the property held under this agreement in one or more consolidated funds in which one or more of the separate shares, parts or funds herein provided for shall have undivided interests, rather than to make physical division thereof, except when necessary for purposes of distribution." If a single trust was intended, the discretionary power here given the trustees would be unnecessary. However, if three separate trusts are provided for, the power to keep the corpus of the separate trusts as a single unit rather than to physically divide the corpus requires specific authorization by the settlor. The grant of discretionary power in the present agreement is indicative of the intention to create separate trusts.

The determination here made that three trusts are created by the original trust agreement makes it unnecessary to consider whether the decisions of the New York courts are applicable under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Judgment should be entered against the defendant as demanded in the petition.