**NEW YORK TRUST CO. et al. v.
PEDRICK.**

United States District Court
S. D. New York.

Dec. 20, 1950.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for plaintiffs. Mary R. Cowell, New York City, of counsel.

Irving H. Saypol, U. S. Atty. for Southern District of New York, New York City, for defendant. Lawrence G. Greene, Asst. U. S. Atty., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The plaintiffs seek to recover the amount of $1,056.75 paid for federal stock transfer stamps used in connection with the transfer of certain stock certificates. The case was submitted to the Court upon stipulated facts which are as follows:

Plaintiffs are suing in their capacity as trustees, and suit is brought against the administratrix of the estate of William J. Pedrick, who was Collector of Internal Revenue at the times mentioned in the complaint. The administratrix has been substituted for Pedrick.

On August 5, 1935, Dorothy E. Church, as settlor, and Richard N. L. Church and Dorothy E. Church, as trustees, entered into a trust agreement wherein the settlor transferred to the trustees certain securities to be held in trust, the net income of which was to be paid to Richard N. L. Church, the settlor's husband, during his

life. Upon the death of the life beneficiary, the trustees were directed by the trust agreement

"\* \* \* to divide the then principal of said trust estate, including all increase thereof, into equal parts corresponding in number to the number of children of the Settlor now living who shall then survive or who shall have died leaving lawful issue them surviving and to dispose of the said parts as follows:

\* \* \* \* \* \*

"(b) To transfer and pay over one of said equal parts to each of the children of the Settlor who shall then have attained the age of thirty years;

"(c) To hold, invest and reinvest one of said equal parts upon a separate trust for the benefit of each child of the Settlor, who shall not then have attained the age of thirty years until he or she shall attain said age, or until his or her earlier decease, \* \* \*."

Richard N. L. Church died on February 19, 1943, at which time there were three children of the settlor surviving,—Cynthia, Richard Bennett and Patricia, all of whom were then under the age of thirty years. Under the terms of the trust indenture Dorothy E. Church, the surviving trustee, designated The New York Trust Company to act as co-trustee in place of decedent. Pursuant to the terms of the trust indenture the principal of the trust fund, which consisted in part of shares of stock, was then divided into three parts, and these were thereafter held by Dorothy E. Church and The New York Trust Company in separate accounts in trust for the three surviving children.

Stock transfer stamps in the amount of $1,056.75 were purchased by the plaintiffs on November 1, 1944 and affixed to the shares of stock in the trust corpus with respect to the exchange of the old stock certificates in the names of the trustees under the trust for Richard N. L. Church for new stock certificates registered in the names of the trustees under the three trusts for the benefit of the three children. The plaintiffs duly filed a claim for the refund of said tax, which claim was disallowed.

The sole question for determination is whether documentary stamp taxes were lawfully due and payable in connection with the re-registration of the stock.

Section 1802(b) of the Internal Revenue Code, Title 26 U.S.C.A. § 1802(b), imposes a stock transfer tax: "On all sales, or agreements to sell, or memoranda of sales or deliveries of, or *transfers of legal title* to any of the shares or certificates \* \*." (Emphasis added.)

Section 113.33 of Regulation 71 of the Treasury Regulations (1941) states in subdivision (d) that transfers to or by trustees are taxable transactions.

Section 1802(c) of Title 26 provides various exceptions to 1802(b) which are non-taxable transfers, and among these exceptions are transfers: "(8) From trustees to surviving, substituted, succeeding, or additional trustees of the *same trust.*" (Emphasis added.)

Hence the question presented in this case is whether the re-registration of stock amounted to a taxable transfer of legal title or was it merely a routine change necessary to the proper administration of the same trust by the trustees. A change in trustees, by itself, does not affect the problem, for if it is found that the same trust continued in existence, innumerable changes in trustees could be effectuated as provided by Section 1802(c) (8) with no resulting liability for transfer taxes; whereas if new trusts were created with no change at all in the persons of the trustees, the trustees would still have to pay transfer taxes in their new capacity as trustees for the new trusts.

The plaintiffs contend at the outset that under the laws of New York no transfer of legal title to the corpus of the trust took place on the death of Richard N. L. Church. However, the determination of what is a taxable transfer under the taxing statute is a federal question controlled by federal law for which "Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law." Lyeth v. Hoey,

1938, 305 U.S. 188, 59 S.Ct. 155, 158, 83 L.Ed. 119. In this case the statute is certainly clear and requires no reference to state law.

The controlling test of the number of trusts created is the intention of the settlor. United States Trust Company v. Commissioner, 1936, 296 U. S. 481, 56 S.Ct. 329, 80 L.Ed. 340; Fiduciary Trust Co. v. United States, D.C.S.D.N.Y. 1940, 36 F. Supp. 653. In this respect the trust indenture is very clear. The "habendum" clause on page two of the trust indenture requires the Trustees to "hold, manage, invest and reinvest the said trust estate upon the *trusts* herein contained * * *."

The primary trust is set up for the life of Richard N. L. Church. At his death the trust is to terminate and the corpus to be divided into equal shares for the surviving children, and the shares to be distributed to them. If any surviving child has not attained the age of thirty years at the time of Richard N. L. Church's death, "a separate trust" is to be set up for the benefit of that child. It is only the unfortuitous circumstance of Richard N. L. Church's death before any of the children had reached thirty years of age that gives the transactions herein involved any semblance to a continuous single trust.

At Richard N. L. Church's death the corpus of the estate was actually divided into three separate parts and three separate trusts set up. An accounting in the Supreme Court of the State of New York, County of Nassau, was made by Dorothy E. Church as trustee and as executrix of the will of Richard N. L. Church, deceased trustee, and an order of that Court dated June 6, 1944 required that individual trusts be set up for the benefit of each child in accordance with the trust indenture.

Counsel for the plaintiffs alleges that the separation of the trust corpus into three distinct accounts was an administrative convenience. Contrary to this contention the normal practice is to retain the trust corpus in solido for convenience of administration. E. g., see United States Trust Co. v. Commissioner, supra; Matter of Green's Estate, Sur., 1945, 54 N.Y.S.2d 140, affirmed, 1st Dept. 1945, 269 App.Div. 1025,

59 N.Y.S.2d 375; Matter of Borneman's Estate, Sur., 1946, 68 N.Y.S.2d 358.

As plaintiffs admit, Richard N. L. Church's trust is referred to in practice as a primary trust, and the children's trusts as secondary trusts. The reason behind this is that under New York law the children's trusts must be separate in order to validate those trusts under the rule against perpetuities. New York Personal Property Law, McK. Consol. Laws, C. 41, § 11. However plaintiffs urge that this does not require that the shares must be regarded as separate trusts for all purposes. True, it may not require that the trusts be regarded as separate trusts for all purposes. For example, as counsel for the plaintiffs pointed out, such separable trusts are usually regarded as but a single trust for the purpose of computing trustees' commissions. E. g., In re Matter of Coutts, 1932, 260 N.Y. 128, 183 N.E. 200, 85 A.L.R. 160. But for the purpose of federal transfer taxes, it is clear that separate and new trusts were established in this case for the surviving children. Cf. United States Trust Co. v. Commissioner, supra; Fiduciary Trust Co. v. United States, supra.

Therefore it is the decision of this Court that the documentary stamp taxes were lawfully due and payable in connection with the re-registration of stock as described above.

Judgment is granted in favor of the defendant and the complaint dismissed. Submit a decree.