In the Matter of WILLIAM J. McNAMARA, Respondent, against THOMAS L. HOLLING, as Mayor of the City of Buffalo, et al., Appellants.

Argued January 10, 1940; decided March 5, 1940.

*David Diamond*, *Corporation Counsel* (*Bart J. Shanahan* of counsel), for appellants. A position held by a veteran may be abolished for purposes of economy and the burden is on the veteran to point out a position vacant at the time of the abolition of his position in the same grade and group before he is entitled to relief. (*Matter of Clancy* v. *Halleran,* 263 N. Y. 258; *Matter of Wolf* v. *Delaney,* 266 N. Y. 262; *Matter of Sergeant* v. *Kern,* 279 N. Y. 709; *Matter of Franklin* v. *Rathmann,* 143 Misc. Rep. 786; *Matter of Brizzolara* v.

*McKenzie*, 253 App. Div. 886; *Matter of Blodgett* v. *Board of Supervisors*, 246 App. Div. 188; *Matter of Smith* v. *Greene*, 247 App. Div. 425; *Matter of Breckenridge* v. *Scannell*, 160 N. Y. 103.) There being no existing vacancy when petitioner's position was abolished, his rights under section 22 of the Civil Service Law (Cons. Laws, ch. 7) terminated. (*Matter of Schmidt* v. *Bd. of Supervisors*, 244 App. Div. 493; *Matter of Clancy* v. *Halleran*, 263 N. Y. 258; *Matter of Wolf* v. *Delaney*, 266 N. Y. 262; *Matter of Sergeant* v. *Kern*, 279 N. Y. 709; *Matter of Dorsa* v. *Forbes*, 270 N. Y. 443.) The local civil service commission prescribed rules which made the tests and qualifications for appointments, respectively, to the positions of deputy sealer and assistant assessor essentially different. (*Matter of Carr* v. *Kern*, 279 N. Y. 42; *Matter of Krapp* v. *Kern*, 255 App. Div. 305; 281 N. Y. 617; *Matter of Stryker* v. *Board of Education*, 274 N. Y. 620.) In so far as subdivision 1 of section 22 of the Civil Service Law gives a preference in appointment, without competitive examination, to the petitioner, a non-disabled veteran, it contravenes the provisions of section 6 of article V of the State Constitution. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271; *Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435; *Matter of Keymer*, 148 N. Y. 219; *Hale* v. *Worstell*, 185 N. Y. 247; *Chittenden* v. *Wurster*, 152 N. Y. 345; *Palmer* v. *Board of Education*, 276 N. Y. 222; *Matter of Scahill* v. *Drzewucki*, 269 N. Y. 343; *Hurley* v. *Board of Education*, 270 N. Y. 275; *Ciaccia* v. *Board of Education*, 271 N. Y. 336; *Matter of Carow* v. *Board of Education*, 272 N. Y. 341; *Matter of Rooney* v. *Rice*, 274 N. Y. 347.)

*Eugene V. Hanavan, Erma R. Hallet* and *John J. Brown* for respondent. There being no vacancy when petitioner's position was abolished, he was not discharged from public service, but was suspended without pay, and, although his name was placed on a preferred list created pursuant to section 31 of the Civil Service Law, he still maintained his full rights under section 22 of the statute. (*Matter of Clancy* v. *Halleran*, 263 N. Y. 258; *Matter of Wolf* v. *Delaney*,

266 N. Y. 262; *Matter of Sergeant* v. *Kern,* 279 N. Y. 709; *Matter of DeFeo* v. *Chadsey,* 254 App. Div. 441.) Section 22 of the Civil Service Law does not limit a veteran's transfer privilege to a vacancy having the identical requirements as his former position. (*Matter of Nitschke* v. *Kern,* 278 N. Y. 726; *Matter of DeFeo* v. *Chadsey,* 254 App. Div. 441.)

LOUGHRAN, J. On April 26, 1938, the petitioner was appointed deputy sealer of weights and measures for the city of Buffalo. This employment was in the competitive class of the civil service. On June 30, 1938, the position was abolished.

Petitioner is an honorably-discharged veteran of the World war. Section 22 of the Civil Service Law (Cons. Laws, ch. 7) provides that when a veteran-held position is abolished the veteran shall not be discharged from the public service but that he " shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor." (Subd. 1.) On June 30, 1938, there was no vacancy in any position to which the petitioner could have been transferred. Vacancies thereafter occurred in the competitive position of assistant deputy assessor of the city. Petitioner's demand that he be put into one of these unfilled places went unheeded by the city authorities. Compliance with that demand has now been ordered by the courts below. This court granted the city authorities leave to appeal.

When positions in the public service are abolished a soldier-incumbent must go in his turn unless there is opportunity for his continuance elsewhere in the service on the conditions prescribed by section 22 of the Civil Service Law. (*Matter of Clancy* v. *Halleran,* 263 N. Y. 258.) But the statutory right of translocation is not conditioned upon the immediate existence of a vacancy which the veteran is entitled to fill. The right continues for a reasonable time after it accrues. (*Matter of Nitshke* v. *Kern,* 278 N. Y. 726.) Concededly, this petitioner's claim of the right was seasonably made.

He did not assert that his service as deputy sealer of weights and measures fitted him to fill a vacancy in the position of assistant deputy assessor. The basis of his claim was the fact that in March, 1927, he had successfully passed a competitive examination for the position of deputy assessor. The difference between that position and the vacant position of assistant deputy assessor is one in name only. The petitioner, however, had received no appointment from the eligible list that resulted from the 1927 examination and that list had expired in 1931. A later list for the vacant positions in question was in force when the vacancies occurred.

The courts below have held that the petitioner's fitness in 1938 to fill the position of assistant deputy assessor was attested by the presence of his name on the then dead 1927 list of those who were eligible until 1931 for appointment to the same position. This ruling, we think, is against the fundamental purpose of the civil service principle of the State Constitution. (Art. 5, § 6.)

With exceptions now immaterial, the substance of the command of the Constitution is this: Merit and fitness shall be the basis of the choice of public servants and the test of merit and fitness shall be competitive examination. This command, as the petitioner says, speaks of " appointments and promotions " in the civil service and does not make mention of " transfers " therein. We assume with him that the transference he demands would not be a promotion, since his former position of deputy sealer of weights and measures was classified in the same salary grade with the vacant position of assistant deputy assessor. But these two positions are essentially different in respect both of duties and of entrance requirements; and so the petitioner cannot be shifted from the one position to the other without in effect receiving an extra appointment unsanctioned by the competitive examination commanded by the Constitution. This result, we think, cannot be validated by calling it a " transfer."

The eligible list that expired in 1931 is without significance. Suppose that list had been alive at all times here in issue. Even then the petitioner could have excluded his fellow-eligibles from the vacancy in question only in the event that his relative standing on the live list would have entitled him to an appointment therefrom ahead of them. In any different situation (and so in this case) the benefit conferred upon a veteran by section 22 of the Civil Service Law can be no more than a right of transfer to a vacancy existing in a branch of the public service wherein vacancies are filled from a list applicable to the position that has been abolished. This is only to say that the operation of section 22 of the Civil Service Law is limited by the same constitutional command, viz.: The sole test of merit and fitness is competitive examination, unless competitive examination would be futile.

Inasmuch as *Matter of Nitshke* v. *Kern* (*supra*) naturally enough was read by the courts below as authority to the contrary, it is only fair to add that the question now decided was not considered by us in that case.

The orders should be reversed and the proceeding dismissed, without costs.

LEHMAN, Ch. J., FINCH, RIPPEY and CONWAY, JJ., concur; SEARS and LEWIS, JJ., taking no part.

Orders reversed, etc.