In the Matter of the Application of ROBERT B. SMITH and Others, Petitioners, for an Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Special Term, New York County  July 17, 1942.

*Michael M. Platzman*, for the petitioners.

*William C. Chanler, Corporation Counsel*, for the respondents other than the individual teacher respondents, but including Jones and Sharp.

*Arthur S. Gales*, for the respondents Sam Edelson, Thomas R. Walsh, Thomas A. DeBellis, Henry A. Mutevillian, Charles W. Brown and Edward J. Guillot.

HOFSTADTER, J.   This is an application under article 78 of the Civil Practice Act for an order removing the named individual respondents from their positions as teachers of swimming and compelling the board of education to establish a proper list from which such appointments may be hereafter made.

There is no factual dispute.   In July, 1941, the Board of Education for reasons of economy reduced the staff of teachers of swimming.   The six individual respondents were among the group whose positions were abolished.   The Board, in creating the preferred list for teachers of swimming under section 31 of the Civil Service Law placed these honorably discharged war veterans *at the head* of that list.   In October, 1941, the Board restored thirty positions of teachers of swimming and these six veterans were reappointed and reinstated.   It is conceded that except for the preference accorded them by reason of their status as honorably discharged war veterans they were . not otherwise entitled to reappointment ahead of others on the same preferred list.

It is now settled that section 22 of the Civil Service Law does not require the retention of war veterans in case of lay-offs, in preference to others having seniority in service.   (*Matter of Wolf* v. *Delaney*, 266 N. Y. 262; *Matter of Clancy* v. *Halleran*, 263 id. 258.)   The only right afforded a veteran under the Civil Service Law is to be transferred within a reasonable time to " any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective."   (Civ. Serv. Law, § 22, subd. 1; *Matter of McNamara* v. *Holling*, 282 N. Y. 109.)

I am clear that the Civil Service Law does not give an honorably discharged veteran any preference in the formulation of a preferred list after the suspension of employees for reasons of economy.

Prior to 1938 the local and State Civil Service Commissions were in disagreement upon the practice.   The State Civil Service Commission upon the creation of a preferred eligible list, placed the names of honorably discharged veterans at the head of the list and certified them ahead of non-veterans whose names appeared

on the list.   On the other hand, the Municipal Civil Service Commission did not grant any such preference.   The Board of Education prior to this case, had never had occasion to treat with the matter

In 1938 an application was made to compel the Municipal Civil Service Commission to adopt the practice of the State Commission. This application was denied.  (*Matter of Sergeant* v.  *Kern,* 279 N. Y. 709.)   Following this decision the State Civil Service Commission abandoned its practice of creating preferences for veterans.

It is urged, however, that the later decision of the court in the case of *Matter of McNamara* v. *Holling* (*supra*) has indicated a contrary view.   The issue now being agitated was not before the court and the decision is merely to the effect that the right afforded a veteran under section 22 to be placed elsewhere is not conditioned upon the existence of an immediate vacancy but continues for a reasonable time.   It may not be held to have annulled by implication the express determination of the same court that a veteran is not entitled to preferential treatment upon the creation of a preferred list under section 31.

The Court of Appeals has determined the matter and it is not within the competency of this court to examine anew into the matter.

On the state of the record, it is evident that the application must be granted.   Settle order on one day's notice by July 22, 1942.