In the Matter of the Accounting of BANK OF NEW YORK, as Trustee under the Will of ANDREW R. CULVER, Deceased.

BANK OF NEW YORK, Appellant; RUSH TAGGART, as Special Guardian for HELEN M. GREENE and Others, Infants, et al., Respondents.

Argued April 2, 1945; decided June 7, 1945.

*George W. Martin* and *Thomas B. Fenlon* for appellant. I. The decree below arbitrarily limits the general power of appointment. (*Matter of Roth,* 291 N. Y. 1; *Estate of Cary,* February 17, 1938; *Irving Trust Co.* v. *Hitt,* N. Y. L. J. July 25, 1940; *Matter of Barker,* 230 N. Y. 364.) II. The parties did not intend that the commission letter should apply to trusts to be set up by the daughter's will. (*Matter of Stewart,* 140 Misc. 155.)

*Rush Taggart,* special guardian for Helen M. Greene and others, respondents. I. The trustee is debarred by its contract with the original testator from receiving commissions at the rate fixed in the donee's will. The meaning of the contract was clear. (*Bishop* v. *Bishop,* 257 N. Y. 40; *Matter of Harbeck,* 161 N. Y. 211; *Genet* v. *Hunt et al.,* 113 N. Y. 158; II. Even if there be an ambiguity in the contract, it must be resolved against the trustee. Williston on Contracts [Rev. ed.], § 621; *Taylor* v. *United States Casualty* Co., 269 N. Y. 360; *Raw Silk Trading Co., Inc.,* v. *Katz,* 201 App. Div. 713; *Bristol* v. *Cornell University,* 237 App. Div. 771.)

*Edward Hymes, Jr., Lester R. Bachner* and *Samuel S. Koenig,* special guardian, for Donald Kennedy and another, respondents. I. The will of the donee of a power is annexed to the will of the donor, and the two documents read together. Applying this principle to the instant case, it clearly appears that the donee could not modify or abrogate the agreement between the donor and the trustee as to commissions. (*United States* v. *Field,* 255 U. S. 257; *Matter of Terwilligar,* 135 Misc. 170, 230 App. Div. 763; *Matter of Wickham,* 139 Misc. 729; *Hillen* v. *Iselin et al.,* 144 N. Y. 365.) II. Despite the provisions of the donee's will, the trustee is not entitled to commissions on principal or to

commissions on income at the prevailing statutory rates. (*Matter of Coutts*, 260 N. Y. 128; *Matter of Williams*, 172 Misc. 430; *Matter of Reckford*, 181 Misc. 211; *Matter of Hayden*, 172 Misc. 669.)

DYE, J. The Bank of New York, during Andrew R. Culver's lifetime and prior to the execution of his will, wrote him a letter as follows:

" October 4, 1900.

ANDREW R. CULVER, ESQ.

DEAR SIR,

This Company will accept and discharge the duties of Executor and Trustee under the will you have left with us or any will which you may substitute for the same and will charge the following commissions: viz, The legal commissions upon the Principal and Income received and paid over by us as Executor at the following rates, i.e. 5% on $1,000, 2½% on $10,000, and 1% on the balance to be charged when this Company is discharged as Executor. No further commission will be charged upon the Principal. This Company will charge as Trustee annually upon each years gross income collected the legal commissions as follows: viz, 5% on $1,000, 2½% on $10,000; and 1% on the balance.

Yours truly,
(Signed)   HENRY PARISH,
*Prest.*"

Thereafter Andrew R. Culver executed his will, dated April 15, 1903. He died in 1906. The will was duly admitted to probate, and the bank was named as executor and trustee and has been acting as such.

By the terms of his will the decedent set aside one half of his estate in trust for the life use of his daughter, Fanny C. Buxton and provided that upon her death " the principal thereof and any income which has not been paid to her shall go to such person or persons and in such proportions as she may direct by her will, which I hereby empower her to make." Provisions were made to cover the contingency of her death without a will exercising the power of appointment and disposition.

Fanny C. Buxton died July 13, 1942, leaving a last will and testament by which she devised her estate equally in trust for

her surviving son and daughter. She then directed: " Ninth: Under and pursuant to any and all powers of appointment by will or otherwise, which are now or may hereafter be vested in me by virtue of the Last Will and Testament of my father, Andrew R. Culver, I direct that all real and personal property held in trust at the time of my death by the Bank of New York of the City of New York, as trustee under the Last Will and Testament of my father, Andrew R. Culver, deceased, and with respect to which I have the power of appointment or disposition, shall be divided as soon as practicable after my decease by said Bank of New York of the City of New York, as trustee under the Last Will and Testament of my father, Andrew R. Culver, deceased, into two equal parts or shares."

The Bank of New York and one Harriette Burch were named as executors and provision for their commissions was made in the following language: " I hereby expressly direct and provide that the commissions to be paid to my corporate executor and corporate trustee above named shall be commensurate and equal to a full commission allowed to a sole executor and trustee under the statute of the State of New York in effect at the time such commissions are due and payable, * * *."

Upon its accounting as trustee under Andrew R. Culver's will the Bank of New York asked for a ruling as to whether it would be entitled to receiving commissions when the trust property was paid over to itself and Mrs. Burch as cotrustees under the Fanny C. Buxton will, which the Surrogate answered by limiting it to the rate of commissions specified in its letter of October 4, 1900. This we think was error.

In the distribution of estates, by will, the intention of the testator is the controlling factor. This intention is best arrived at from the language of the will and, when in harmony with the policy of the State as expressed in its statutes, will be given effect. In the instant case, there is no difficulty in arriving at the intention of the testator, Andrew R. Culver. He was no doubt well satisfied with the proposal submitted by the bank in reference to its commissions as it led to its appointment as executor and trustee. The trust created by his will was clear and was given effect. There was no expression of desire or intention to limit his daughter in the exercise of the power of appointment granted to her. When his daughter, Fannie C.

Buxton, exercised the power of appointment, she too expressed her testamentary intention in clear and understandable language. It is conceded by all the parties in the instant case that Mrs. Buxton exercised her power of appointment in full harmony with the donor's expressed intention. Everything she did was well within her authority and she has accomplished thereby what the donor, Culver, intended, i.e., a distribution of her share of his estate " to such person or persons and in such proportions as she may direct by her will ". The donee was entitled to name whoever she wished as executors and trustees of her will and when they qualified their duties were derived from the provisions of her will insofar as they were not incompatible with the will of Andrew R. Culver and here, as we have seen, there is complete compatibility. Under these circumstances, it would seem clear and undisputable that the bank's duties as trustee under the Culver trust ended when it took up its duties as cotrustee under the will of Fannie C. Buxton. It was forthwith entitled to the commissions authorized by law as then existing. The coincidence of naming the bank as cotrustee should not be construed as a continuance of the Culver trust and so to hold is to disregard the clear and fundamental fact that Fannie C. Buxton fully and finally disposed of the Culver trust for her benefit. It is for these reasons that we feel that the conclusion reached by the courts below that the commissions of the cotrustee are controlled by the letter written in 1900, is erroneous.

Perhaps some comment is desirable upon the cases relied upon by the Surrogate as authority for the proposition that under these circumstances, " a trustee is entitled to but one commission because he is rendering but one service ". These, we think, are clearly distinguishable. The fundamental and vital distinction between those cases and the instant case is that in each of them, one settlor set up one continuing trust for a two-life term by a single instrument. Under those circumstances, it could be said that there was but one trust and that a trustee thereof would be entitled to but one set of commissions. Here, however, there are two settlors, two instruments of trust, two actually different trusts and two sets of trustees.

We are satisfied that insofar as the question of commissions is concerned, the bank was thus entitled to the legal commissions on the trusts created by Mrs. Buxton's will as specifically directed by the settlor thereof.

The order of the Appellate Division and the decree insofar as appealed from should be reversed and the matter remitted to the Surrogate's Court for further proceedings, not inconsistent with this opinion, with costs to all parties filing separate briefs payable out of the estate.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.