In the Matter of MARGARET J. McCANLESS, Petitioner, *v.* CHARLES L. BRIEANT, JR., Individually and as Supervisor of the Town of Ossining, et al., Respondents.

Supreme Court, Westchester County, June 7, 1962.

*Markoff, Gotlieb & Harkins* for petitioner. *Joseph M. Darby* for Board of Assessors, respondent. *Robert E. Dempsey* for Town Council of Town of Ossining and another, respondents.

HUGH S. COYLE, J. Petitioner, a former employee of the Town of Ossining, seeks by a proceeding brought under article 78 of the Civil Practice Act, an order — reinstating petitioner as a senior clerk to the Board of Assessors, or installing her as an addressograph machine operator, or setting the matter down for trial by jury.

Respondents, constituting the Supervisor, Town Councilmen, Town Comptroller and the Board of Assessors of the Town of Ossining, cross-moved on the adjourned return date for a dismissal of the petition on the ground that the proceeding was barred by the short Statute of Limitations found in section 1286 of the Civil Practice Act and, further, that the petition is ineffective to review the action of the Town Board in its resolution of November 28, 1961, abolishing the position of senior clerk which

was then held by the petitioner. Petitioner urges that the "demand and refusal" interpretation adopted in our courts applies to her case, and, hence, the four months' period did not begin to run until after the specific refusal (see *Matter of Foy* v. *Schechter*, 1 N Y 2d 604) and that section 76 of the Civil Service Law is designed to meet her requested relief.

Counsel for petitioner argues that this cause falls within the purvue of section 76 of the Civil Service Law. That section (subd. 1) "gives" an officer or employee believing himself aggrieved by a:

   a. penalty;
   b. punishment of demotion;
   c. dismissal from service;
   d. suspension without pay for a period exceeding 10 days;
   e. or a fine of over $50

the unquestioned right to apply for an article 78 review of the determination. It is apparent from a memorandum of the Civil Service Department that section 76 relates to a different situation than that urged by petitioner. The memorandum reads as follows: "The new law (Subdivision 1, Section 76) of this section would give all employees the right of appeal to the Civil Service Commission having jurisdiction from a determination in a disciplinary proceeding."

This case does not involve the summary removal or dismissal of the petitioner from her office. It involves the abolition of one office by the Town Board of the Town of Ossining and the creation of a different office with different standards of qualifications. Counsel, in support of his contention, cites the case of *Matter of Conway* v. *Carey* (255 App. Div. 374). In the *Conway* case the court pointed out that the abolishment of the one office was the prelude to the creation in an exempt status of an office where the "exempt" employee was to perform the duties required of petitioner. Paragraph "12" of the present *McCanless* petition skirts the force of the *Matter of Conway* v. *Carey* case, and states upon information and belief that some of her duties are temporarily performed by the Town Comptroller, but nowhere alleges that the duties of the newly created addressograph machine operator are those performed by the senior clerk or required by the civil service rule of qualifications and delineations of duties. Nor does the petition allege that the new position has been filled; that the duties of the office are prescribed, or that an examination has been called for. In essence, she asks the court to appoint her to a new position (for the purpose of this proceeding) to which the Town Board has not added vitality of civil service existence. As our Court of

Appeals said in *Matter of McNamara* v. *Holling* (282 N. Y. 109, 113 [1940]) where it was confronted with the petition of an honorably discharged veteran whose position in the civil service, competitive class, in the City of Buffalo was abolished and an application made by the veteran for a transfer to another position: "But these two positions are essentially different in respect both of duties and of entrance requirements; and so the petitioner cannot be shifted from the one position to the other without in effect receiving an extra appointment unsanctioned by the competitive examination commanded by the Constitution." Nothing herein can be construed as preventing petitioner from enjoying or seeking the results of the competitive examinations if, as and when published.

The petitioner goes further and in a conclusory manner avers a conspiracy to abolish an office without alleging facts to support the same. The pleading is significantly silent as to the campaign alleged to have been put on by the Supervisor, and paragraph "10" does not allege that the two affirmative voting Councilmen joined in any campaign. The import of the petition is that the position of senior clerk was abolished by resolution of the Town Board. As was said by the First Department, Appellate Division, in *Montreuil* v. *Board of Estimate of City of N. Y.,* 10 A D 2d 266, 269) when confronted with a motion for judgment on the pleadings: "Where, as here, no issue of fact is present, the court should exercise its power to declare the rights and legal relations of the parties."

This court holds that the cross motion to dismiss the petition should be granted, without costs and that an order should be entered accordingly. The petition fails to set forth facts sufficient to warrant a factual determination. The action of the Town Board was a legislative act.

"[S]ince the abolition of an office is an act of legislative power, the intent of the municipality in making such abolition may not be reviewed by the court." (62 C. J. S., Municipal Corporations, § 467.)

This holding does not conflict with the *Matter of Conway* v. *Carey* case (*supra*), where the evident effort was to abolish the position of petitioner and immediately recreate a similar position. Nor does it conflict with constitutional protections afforded by section 6 of article V of the Constitution. Section 80 of the Civil Service Law of the State of New York (former § 31) preserves the rights of an employee whose position has been abolished. In *Matter of Shepherd* v. *Greene* (153 Misc. 289, 293) Judge STALEY said: "Section 31 [now § 80] must be

given a reasonable construction so as to accomplish the purposes intended by the enactment of the Civil Service Law, which were, selection and protection of employees in the public service upon merit and experience, without, however, interfering with the right of those in charge of public affairs to alter, change and abolish positions and departments as the exigencies of the State service require ''.

Subdivision 3 of section 1296 of the Civil Practice Act is significantly silent on the question of the review of legislative acts. It confers on the court power to determine judicial, quasi-judicial, administrative and corporate functions, but does not encompass a legislative determination. It seems to this court that the language of the Court of Appeals in *Matter of Wipfler* v. *Klebes* (284 N. Y. 248) is quite clear and specific on this subject. In that case the Common Council of Elmira abolished the position of City Engineer and his duties were assumed by other employees who had no civil service standing. The Council had unquestioned authority by its special charter to abolish, by ordinance, positions in the civil service. Reversing the Appellate Division of the Third Department, Judge LEHMAN commented (p. 253): '' So long as the Council does not transcend the limits of powers conferred upon it, no court may substitute its judgment for the judgment of the Council in such matters.''

Petitioner's pleas in the *Wipfler* case fell into two headings:

a. Did the transferring of his duties to an officer not appointed under civil service violate his rights?

b. Did the city violate his rights by abolishing his position?

As to the first question argued by *Wipfler* the Court of Appeals said (pp. 254–255): '' That does not mean that a person appointed in accordance with the provisions of the Civil Service Law after passing a competitive examination has such ' permanency of tenure ' that the position must be continued and appropriation made for the payment of the salary originally attached to the position even though those vested with authority to create or abolish positions and to adopt a budget decide that no person should be employed to perform the duties of the position and that discontinuance of the position would promote efficiency and economy. (*Matter of Devins* v. *Sayer,* 233 N. Y. 690 and cases there cited.) It does mean that there is permanency of tenure so long as some person is employed in the same or similar position under a different title and performs substantially similar services. (*People ex rel. Corrigan* v. *Mayor,* 149 N. Y. 215.) It does mean that the form of abolishing the position may not be used to cloak a design to oust from his posi-

tion a person lawfully appointed and to substitute a person not appointed according to merit and fitness established by competitive examination.''

In the McCanless case nothing appears except that the Town Board of Ossining abolished her position; there is no allegation that her duties were transferred to one not appointed by merit and fitness. In fact, paragraph '' 12 '' of the petition, the allegation of the transfer of some duties to the Comptroller does not meet the challenge of creating a new position and making a new appointment in violation of the Civil Service Law.

At page 257 of the *Wipfler* case the Court of Appeals found that the fact that the City Engineer's work was being done by another city employee was foundation for the conclusion that the abolition of the position was to prepare the way to refuse to restore Wipfler to his position.

Pursuing the second argument that was urged by Wipfler that his rights have per se been violated, the court pointed out (pp. 258–259): '' The duties and the work of the Engineering Assistant * * * and the holders of the new positions performed few if any of the duties or services which the petitioner had previously performed. In no substantial respect are the duties or services so rendered similar, and restoration of the petitioner to the same active service as he had previously performed would not relieve the other named employees of any substantial part of the work or duties that they were doing. These employees may have been appointed without compliance with the provisions of the Civil Service Law, but the petitioner may not complain of that unless they are filling a position to which he is entitled.''

The court finds it unnecessary to pass upon the timeliness of the institution of this proceeding. The petition does not allege the creation of a position similar in duties to that of senior clerk, nor an appointment thereto by a person not qualified by civil service. In fact, no appointment to the newly created position has been made. Petitioner's work is being done by other employees who apparently are qualified because no allegation to the contrary appears. The abolishment of her position was within the power given by law to the Town Board. Hence, the petition should be dismissed as seeking to review a legislative function of a duly constituted and assembled legal body with statutory power to perform the task set forth in the resolution of November 28, 1961, of the Town of Ossining.