George Tilzer, J.
This is an application pursuant to article 78 of the CPLR to compel respondent to declare petitioner eligible to compete in a promotional civil, service examination and for other and alternative relief. Petitioner has already been permitted to conditionally take the promotion examination and has received a passing grade. Respondents refuse to permit petitioner to be certified as eligible for promotion. The only question left for determination therefore is whether petitioner has the right to compete in and be properly certified for promotion based upon the results of said examination.
Petitioner is a civil service employee of the blew York City Transit Authority and has permanent tenure pursuant to the provisions of the Civil Service Law. Prior to June 4, 1960, petitioner was permanently employed with the Transit Authority in the civil service title of “ Car Maintainer, ‘ E ’ ”. As the result of injuries sustained by him in the course of his employment, he was permanently disqualified by the Medical Bureau of the Transit Authority from performing the duties of a “ Car Maintainer ”. On or about June 4, 1960, the Transit Authority with the approval of the Civil Service Commission reassigned petitioner to the duties of “Railroad Clerk”, which title is one of the civil service positions. Since June 4, 1960, petitioner has been performing the duties of “Railroad Clerk”. In January, 1965, respondents announced a promotion examination for the title of “ Assistant Train Dispatcher ”. The eligibility requirements set forth in the official notice of examination required candidates to have at least one year of permanent service in the civil service title of “ Railroad Clerk ”,
*229 Respondents rejected petitioner’s application on the ground that he did not have at least one year of permanent service in that title. Respondents contend, in effect, that petitioner never really had the civil service title of “ Railroad Clerk ”, having been transferred or reassigned to perform the duties of that position by virtue of his physical disqualification from performing his original civil service title of “ Car Maintainer ”.
Respondents cite as authority for the reassignment and as further authority in support of their position, rule 6.1.8 of the Rules of the City Civil Service Commission, which reads: “ 6.1.8. An employee, who has incurred a disability which prevents him from performing his normal duties, may be assigned, during the period of such disability to other lighter appropriate duties for which he is deemed duly qualified.”
If petitioner’s disability were temporary in nature, then the court would agree that the transfer or reassignment of petitioner would be temporary and effective only during the period of his disability and therefore petitioner could not claim civil service status in that title in order to be eligible to take the promotional examination.
However, in the instant situation, respondents’ own submitted exhibits, particularly Exhibit 2, entitled “ Certification of Medical Office ”, unequivocally characterizes petitioner as “ permanently disqualified for the regular duties of his present Civil Service title ”. Petitioner, by respondents’ interpretation of the rules, is thus placed in the impossible situation of having' no civil service title from which he could advance himself, yet is a civil service employee entitled to all the benefits flowing therefrom, including’ promotional opportunity.
Although respondents urge that the reassignment of petitioner was temporary, none of the documents submitted so state except for reference to rule 6.1.8 of the Rules of the City Civil Service Commission.
Since petitioner’s physical disability prevents his return to the position of “ Car Maintainer ”, and in view of his uninterrupted performance by assignment of the duties of ‘ ‘ Railroad Clerk”, respondents must be deemed to have consented to a change of title for petitioner to that of “Railroad Clerk”. No other conclusion can be drawn from the circumstances presented. In substance and in justice petitioner should be realistically classified into the title, the duties of which he has been performing for more than five years.
Although the precise question here presented appears unique and is a case of first impression, petitioner’s title, in all the *230 circumstances, seems to me to have been effectively changed from “ Car Maintainer ” to “ Railroad Clerk ” within the meaning of the Civil Service Law and the rules and regulations promulgated pursuant thereto. Moreover, one of the basic principles underlying our Civil Service Law is that the duties actually being performed determine the proper classification of a position (Matter of Mandle v. Brown, 5 N Y 2d 51). The present situation appears to fall within this general rule.
Of course, this disposition in no way encroaches upon respondents’ right to otherwise determine petitioner’s fitness for the promotion sought. Accordingly, the application is granted.