■ In the Matter of the Estate of ROBERT H. DAVIS, Deceased. CHEMICAL BANK NEW YORK TRUST COMPANY, as Trustee under the Will of ROBERT H. DAVIS, Deceased, Appellant; RALPH FARRINGTON et al., as Trustees under the Will of ROBERT H. DAVIS, JR., Deceased, et al., Respondents.— Decree unanimously modified on the law to the extent of allowing appellant, Chemical Bank New York Trust Company, as trustee, paying-over commissions, with $50 costs and disbursements to all parties filing briefs hereon, payable from the trust estate, on the authority of *Matter of Moulton* (1 A D 2d 771) and *Matter of Culver* (294 N. Y. 321). Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.

■ TESSIE EBNER et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment based on directed verdict in favor of defendant unanimously affirmed, with $50 costs and disbursements to respondent. The theory of defendant's negligence upon which the case was tried, as revealed by the record and upon the argument, presented no credible question of fact for the jury. The hydrant from which water is alleged to have leaked or sprayed at the point where a hose was attached to it was 25 feet downgrade from the place where the plaintiff fell and where she says there was a spot of ice about 6 feet by 4 feet in area and an inch thick. That evidence is insufficient to charge the city with causing such condition, or with the duty, in the absence of further evidence of notice, to correct it. Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.

■ NATHAN HOFFMAN, Respondent, v. GEORGE L. BICKLER, Appellant.— Order entered February 9, 1966 granting summary judgment to plaintiff and the judgment entered thereon on February 28, 1966 unanimously affirmed, without costs or disbursements. Apart from the effort to create an issue of plaintiff's status as a holder in due course defendant has not disclosed or established a defense on supporting evidentiary facts. Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.

■ In the Matter of FELIX EVERS, Respondent, v. THEODORE H. LANG et al., Constituting the New York City Civil Service Commission, Appellants.— Order and judgment (one paper) in proceeding under article 78 of CPLR, granting petition to declare petitioner eligible to compete in a civil service promotion examination, unanimously reversed, on the law, without costs or disbursements to any party and the petition dismissed, without costs or disbursements. The transfer or reassignment of the partially disabled petitioner to the duties of another title and classification, for however long a period, and even if with the title of the second position, did not effect a valid transmutation from one title to another. As argued by respondents-appellants, such a change in title could only be accomplished validly if petitioner qualified for the new title like any other applicant or if the Civil Service Commission determined expressly in a proper proceeding before it that the positions in question and the qualifications therefor were equivalent (cf. *Matter of McNamara* v. *Holling,* 282 N. Y. 109; cf., also, *Matter of Mandle* v. *Brown,* 4 A D 2d 283, 286, affd. 5 N Y 2d 51). Nor may the Civil Service Rule (rule 6. 1. 8) under which the temporary assignment for petitioner was effected be construed or applied to accomplish such a transmutation of title and classification without incurring a grave constitutional question as to its validity (see N. Y. Const. art. V, § 6; *Matter of Williams* v. *Morton,* 297 N. Y. 328, 333). This determination, of course, is without prejudice to any application petitioner may be entitled to make to the Civil Service Commission for relief on the basis of equivalency or otherwise, on none of which does the court now pass. [49 Misc 2d 227.] Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.