Millard L. Midonick, S.
In the present accounting proceeding the court is requested to determine whether Manufacturers Hanover Trust Company, surviving trustee of the estate of the donor of the special power of appointment, is entitled to commissions under SCPA 2308 for "paying out” the appointive property to itself and Leslie D. Dawson, trustees under the will of the decedent’s son, the donee of such power.
By article fourth of her will the decedent divided her residuary estate into equal shares for her surviving sons and for the issue of any predeceased sons. Each share set apart for a surviving son was disposed of in trust with income payable to the son for life, and upon his death the principal was directed to be conveyed "to such person or persons out of a class composed of my issue and the spouses of such issue and in such estates, interests and proportions as such son shall in and by his last will and testament in that behalf direct, limit and appoint”. S. Bryce Wing, a surviving son, subsequently died on January 10, 1975 leaving a will admitted to probate in the State of Maryland. The son in his will exercised the power of appointment by bequeathing outright one half of the trust fund to his wife and the sum of $100,000 to his daughter and by directing that the balance of the trust property be continued in further trust for the benefit of his wife and daughter and to terminate on the death of the survivor of them. The son provided in article third of his will that if Manufacturers Hanover Trust Company should be sole trustee of the trust under his mother’s will, he nominated Leslie B. Dawson to serve with the trust company as cotrustee of the trust.
Earlier cases in New York considering the effects of exercise of power of appointment have applied the so-called "relation back” doctrine and have held that commissions would not be allowed to the donor’s trustee for paying out the appointive property to the donee’s trustee, especially where the trustees are the same individuals or corporations. (Matter of Terwilligar, 142 Misc 249; Matter of Fordyce, 65 NYS2d 331; Matter of Deutch, 65 NYS2d 332.) Surrogate Sobel pointed out in Matter of Smith (79 Misc 2d 105, 109) that: "This was on the theory that the primary trust was a continuing trust for the life of more than one income beneficiary — the donee tacking on as agent of the donor the secondary income beneficiary by the exercise of the power and appointing in further trust. *924 (Matter of Terwilligar, 142 Misc. 249; Matter of Fordyce, 65 N.Y.S. 2d 331; Matter of Deutch, 65 N.Y.S. 2d 332.) Decisions hold that when a testator creates a single trust with successive income beneficiaries, commissions are not payable at the death of the primary beneficiary. (Matter of Coutts, 260 N.Y. 128; Leask v. Beach, 173 App. Div. 873; Matter of Faroll, 39 Misc 2d 309 and cases cited.) It was argued in the earlier decisions that on the same principle, commissions could not be paid to the donor’s trustees for 'paying out’ to the donee’s trustees.”
More recent cases, however, seem to have done away with the application of this doctrine to paying commissions (Matter of Culver, 294 NY 321; Matter of Davis, 26 AD2d 782; Matter of Moulton, 1 AD2d 771; Matter of Smith, 79 Misc 2d 105). While most of the cases cited dealt with general powers of appointment, including Surrogate Sobel’s Matter of Smith (supra), Matter of Davis (supra) was concerned with a special power and is quite similar to the facts of the instant case. In Davis, the donor had given to his son a special power exercisable solely in favor of the son’s issue. The son, in his will admitted to probate in Florida, appointed the property in further trust for his children and designated a Florida corporation to act as trustee. This court found the Florida trustee to be ineligible for letters, allowed the son to designate the same corporate trustee acting in the father’s estate, but denied paying out commissions to that trustee (Matter of Davis, NYLJ, Nov. 30, 1965, p 16, col 7). The Appellate Division of this department modified the decree to the extent of allowing the trustee of the father’s estate "paying-over” commissions "on the authority of Matter of Moulton (1 A D 2d 771) and Matter of Culver (294 N.Y. 321)”. (Matter of Davis, 26 AD2d 782, supra.) Surrogate Sobel further pointed out in Matter of Smith (supra, p 111) that: "A decision denying commissions to the donor’s trustees is unjust and often absurd. If a donee having either a general or special power appoints outright, the donor’s trustees must be paid 'paying out’ commissions. Because a donee, having the power to appoint outright, elects instead to appoint in further trust is hardly a just reason for denying commissions. This incongruous result is due to the courts’ reliance on the 'relation back’ doctrine.”
It is noted that the recent enactment of EPTL 10-6.9 (eff May 27, 1975 pursuant to L 1975, ch 114, § 2) has made *925 further inroads upon the "relation back” doctrine by changing the rule that trustees who act pursuant to the exercise of a power of appointment must qualify for the donor’s estate. (See Matter of Eginton, 21 Mise 2d 179; Matter of Barrett, 206 Mise 363.)
This court, therefore, will allow the accounting trustee "paying out” commissions (SCPA 2308). The donee’s trust is a post-1956 trust and the commissions of its trustees will be governed by SCPA 2309 (Matter of Smith, 79 Misc 2d 105).