(173 App. Div. 873)

LEASK et al. v. BEACH et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. TRUSTS  ⊜⟂316(1)—RIGHT OF TRUSTEES TO COMMISSIONS—MULTIPLE COMMISSIONS.

    Where testator's will gave his executors a sum in trust to pay the income to his brother, directing that on the brother's death, when half was given away absolutely and half held by the executors on further trusts, "it shall be paid over" to his executors, such executors, on the brother's death, were not entitled to receive multiple commissions on the half held by them in trust; the only intention of testator in using the quoted language being to effect that on the death of the brother the executors should pay over half the trust fund and continue to hold the other half in trust.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–454; Dec. Dig. ⊜⟂316(1).]

2. EXECUTORS AND ADMINISTRATORS  ⊜⟂495(2)—RIGHT TO DOUBLE COMMISSIONS.

    Where testator's will, in several similar clauses, gave to his executors money in trust to invest and pay over the income to beneficiaries for life, directing that the principal revert to testator's residuary estate upon the beneficiaries' death, the executors, having received full commissions as such, were not entitled to commissions as trustees for receiving the moneys directed to be held in trust during the beneficiaries' lives in the sev-

eral clauses, as the executors' duty, as such, of distribution upon the death of the life beneficiaries, was an unperformed executorial function.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ⊜⧠495(2).]

Appeal from Trial Term, New York County.

Action by George Leask and another, as trustees, etc., against Marion D. Beach and another, as ancillary executors, etc., with Ella D. Garside and others, impleaded. From a judgment stating the accounts of Ella D. Garside and others, as trustees, they appeal. Judgment modified in accordance with the opinion.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

James Gillin, of New York City, for appellants.

J. Hampden Dougherty, of New York City, for plaintiffs-respondents.

J. Hampden Dougherty, Jr., of New York City, for defendants-respondents.

SCOTT, J. This appeal presents only a question respecting the commissions properly recoverable by the respondents as trustees under the will of Hudson Hoagland, deceased. The first question arises under the eighteenth clause of the will, and has to do with a claim by the trustees, who were also executors, for triple commissions upon a part of the estate disposed of by that clause, which reads as follows:

"Eighteenth. I give and bequeath to my executors hereinafter named, or the survivor of them, the sum of four hundred and forty thousand dollars ($440,000), in trust, however, to invest and keep the same invested, to receive the income and profits thereof and to pay over the said income to my brother Mahlon Hoagland, of Rockaway, New Jersey, for and during his life, and upon his death I give and bequeath said sum and direct that the same shall be paid over as follows:

"To my nephew Thomas H. Hoagland, of Rockaway, New Jersey, if he survives me, if not then to his heirs at law, the sum of two hundred thousand dollars ($200,000).

"To my executors hereinafter named, or to the survivor of them, the sum of two hundred and twenty thousand dollars ($220,000) to invest and keep invested and to receive the income and profits thereof, and to pay over and apply the income of one hundred thousand dollars thereof to the support and maintenance of the widow of my nephew Mahlon Hoagland, Jr., during her life; and upon her death I give and bequeath said sum of one hundred thousand dollars to the children of my deceased nephew Mahlon Hoagland, Jr.

"To pay over the income of sixty thousand dollars ($60,000) thereof to my niece Anna Strait, and to pay over the income of sixty thousand dollars thereof to my niece Susan W. Tuttle, to have and to hold to themselves absolutely, free from all interference or control of any husbands they may have. And upon the death of said Anna Strait and Susan W. Tuttle, I give the principal of the sums herein bequeathed in trust for their benefit to their respective heirs at law. In the event that either of said nieces Anna Strait or Susan W. Tuttle shall not survive me then I direct that the said sum given in trust to them shall be paid over to their respective heirs at law.

"To my niece Ella Maxton, widow of James Maxton, of Rockaway, New Jersey, the sum of twenty thousand dollars ($20,000), to have and to hold the same to herself absolutely, free from all interference or control of any husband that she may have. In making this bequest I take into consideration the fact that said legatee has no children."

The plaintiffs and their coexecutor and trustee, Frederick H. Beach, now deceased, have already received full commissions as executors, and full commissions as trustees upon the capital sum of $440,000 disposed of by the foregoing clause.

[1] Mahlon Hoagland has died, and one-half of the trust fund has been paid over to Thomas H. Hoagland and Ella Maxton, leaving in the hands of the plaintiffs as trustees the remaining $220,000, to be held upon the trusts created for the respective lives of Anna Strait, Susan W. Tuttle, and the widow of Mahlon Hoagland, Jr. It is upon this last sum that plaintiffs claim to be entitled to, and have been awarded, half commissions for receiving from themselves. The argument in support of this claim is that the eighteenth clause of the will provided for distinct successive trusts, one of the whole fund which was completely terminated upon the death of Mahlon Hoagland, and that thereupon an entirely new and separate trust was set up under which the trustees assumed new duties and became entitled to new commissions. The only real foundation for this claim is to be found in the language of the will which provides that upon the death of Mahlon Hoagland the sum of $220,000 "shall be paid over" to the executors to be held in trust during the respective lifetimes of the designated beneficiaries. Of course the "paying over" of the capital sum by the trustees to themselves was a matter of mere bookkeeping, and amounted to nothing more than retaining in their own hands certain securities in which the fund had already been invested. The practical result was precisely as if the testator had in terms provided that upon the death of Mahlon Hoagland his executors should "retain" the sum of $220,000 for the lives of the designated beneficiaries. If the will had thus provided, there would have been no ground whatever for the trustees' claim to triple commissions, and in our opinion the will should be so construed. It is not to be presumed that the testator used the words "shall be paid over" merely for the purpose of investing his executors with the right to receive multiple commissions. It is much more reasonable to assume that he intended to effect precisely what his will did effect, to wit, that on the death of Mahlon Hoagland the executors should pay over one half of the trust fund and continue to hold the other half in trust. Multiple commissions are not so highly favored in the law that the terms of a will should be strained so as to permit of their payment. Upon this question we think that the appeal should prevail, and the judgment modified accordingly.

[2] The second question relates to the right of the executors, as trustees of the trusts set up in the seventh, eighth, fourteenth, and seventeenth clauses of the will. These clauses are similar, in so far as concerns the question now under consideration. The seventh clause, which is typical, reads as follows:

"Seventh. I give and bequeath to my executors hereinafter named, or the survivor of them, the sum of forty thousand dollars ($40,000), in trust, however, to invest and keep the same invested, to receive the income and profits thereof and to pay over said income to Emma McCarty, of Rockaway, New Jersey, the daughter of my deceased sister Sally Ann McCarty, during her life. Upon the death of the said Emma McCarty I direct that said sum of forty thousand dollars shall revert to and become a part of my residuary estate."

The plaintiffs, having received full commissions as executors, have also been awarded, and claim to be entitled to, commissions as trustees for receiving the capital sum directed to be held in trust during the life of Emma McCarty. The appellants contest the executors' right to these commissions because, as they say, the plaintiffs' duties as executors with respect to this sum are not yet completed, since upon the death of Emma McCarty it will be their duty *as executors* to distribute the amount among those entitled thereto under the residuary clause of the will. There is much force in this contention. We have recently had occasion to consider with care the rules of law relating to the payment of double commissions (Matter of Ziegler, 168 App. Div. 735, 154 N. Y. Supp. 652), and it will be unnecessary to rediscuss at length that question. It will be sufficient to say that the present case appears to us to fall within the rule of McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475, wherein double commissions were refused, although the will imposed upon the executors the duties of trustees in addition to their strictly executorial duties. The Court of Appeals said:

"To the ordinary duties of an executor may be added the performance of a trust in such a manner that the two functions run on together. It is the duty of an executor as such to pay to a legatee the amount of the legacy in the manner and at the time provided by the testator, and it does not change that duty that payment of the principal is postponed and the income made payable annually in the meantime. A trust duty may be thus imposed upon an executor, which thereby becomes and is made a function of his office. A will must go further than that to admit of double commissions, and must clearly and definitely indicate an intention of the testator to end the executor's duty at some point of time, and require him thereupon to constitute and set up one or more several trusts, to be held and managed as such for the interest of the beneficiary."

It is quite manifest that, as to the several funds disposed of by the seventh, eighth, fourteenth, and seventeenth clauses of the will, the duties of the executors, as such, have not terminated, and will not terminate as to any of said funds until the life beneficiary has died and the fund itself is distributed as provided in the will. That distribution is an executorial function and must be made by the executors as such, and until it has been made the duties of the executors will not have been finally and fully completed. Under the rule so carefully laid down in McAlpine v. Potter, and above quoted, the plaintiffs are not entitled to double commissions upon the funds specified in the above-mentioned clauses. Upon this question also we think that the appeal should prevail, and the judgment modified accordingly.

The judgment appealed from will therefore be modified, in accordance with the views expressed in this opinion, with costs to appellants, payable out of and apportioned between the several funds as to which the questions have arisen on this appeal. The findings and conclusions of law will be appropriately modified upon the settlement of the order, which should be on notice. Settle order on notice. All concur.