In the Matter of the Accounting of FRANK G. WILD et al., as Trustees under the Will of GEORGE H. COUTTS, Deceased, Appellants.

DONALD B. STEWART, as General Guardian, et al., Respondents.

(Argued October 3, 1932; decided November 22, 1932.)

*James M. Gray* for appellants. The trust for the life of the widow was, and each of the three trusts for the respective lives of testator's daughters after the death of the widow is, a separate and distinct trust. (*Matter of Johnson*, 170 N. Y. 139; *Matter of Potter*, 106 Misc. Rep. 113; *Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Hoffman*,

201 N. Y. 247; *Matter of Colegrove*, 221 N. Y. 455; *Vanderpool* v. *Loew*, 112 N. Y. 167.) As the trusts are separate trusts, and the one for the widow has terminated, the half commissions to the trustees for paying out the same to themselves as trustees for the other trusts are now payable; and the half commissions for receiving them into the other three trusts are now receivable. (*Matter of Johnson*, 170 N. Y. 139; *Clute* v. *Gould*, 28 Hun, 348; *Matter of Potter*, 106 Misc. Rep. 113.)

*Hugh S. Williamson, Sumner Ford* and *Edward A. Craighill, Jr.*, for Donald B. Stewart, respondent. The continuation of a trust with new beneficiaries does not entitle executor-trustees to triple commissions. (*Leask* v. *Beach*, 173 App. Div. 873; *Phœnix* v. *Phœnix*, 28 Hun, 629; *Matter of Baylis*, 144 Misc. Rep. 260; *Matter of Rappold*, 138 Misc. Rep. 163.) The Surrogate was correct in refusing to allow triple commissions. (*Matter of Ziegler*, 218 N. Y. 544; *Olcott* v. *Baldwin*, 190 N. Y. 99; *Matter of Abrahams*, 136 Misc. Rep. 538; *Bowditch* v. *Ayrault*, 138 N. Y. 222.) The Surrogate was correct in denying the claim of the substituted trustee for double commissions. (*Matter of Thomas*, 254 N. Y. 292.)

HUBBS, J. This is an appeal by two testamentary trustees from so much of a decree of the Surrogate's Court of Kings county as denies them certain commissions as trustees and which settles their accounts in a proceeding for that purpose.

The decedent died, leaving a will whereby he created a trust in his residuary estate to pay the income therefrom quarterly to his wife during her life. Then followed a clause which reads: " Upon her death, I direct my said executors to divide the principal of the trust fund into three equal parts and one of said parts to hold and invest and keep invested and to pay the income therefrom quarterly to my daughter, Jean McPhail Coutts, during

her life and upon her death to pay the principal thereof to her issue," etc.

Similar directions were made as to the other two parts, the beneficiaries being other daughters. The executors were named trustees. There was a provision in the will for the appointment of a reliable trust company to act in the place of one should such one predecease the other as executor and trustee. One of the executors and trustees died and the appellant, Title Guarantee and Trust Company, was appointed. The executors accounted as such in 1915 and received full commissions.

The wife, Caroline S. Coutts, was one of the executors and trustees. Upon the accounting of their proceedings as executors, they were directed to turn over the residuary estate to themselves as trustees for the benefit of Caroline S. Coutts and it was adjudged that they were entitled to commissions as trustees. They were awarded at that time one-half commissions for receiving the funds as such trustees.

Caroline S. Coutts died November 27, 1929, and thereafter an application was made for the appointment of a successor trustee of the trust. The application was granted May 15, 1930. Wild presented his account as surviving trustee of the trust for the benefit of Caroline S. Coutts. The matter was progressing toward a final decree when the Court of Appeals decided *Matter of Thomas* (254 N. Y. 292). By virtue of that decision, it became necessary to appoint a successor trustee for the trust for Caroline S. Coutts.

Accordingly, the Title Guarantee and Trust Company was appointed as such successor trustee. It thereupon presented its account as such successor trustee and a decree was made whereby the Title Guarantee and Trust Company received its commissions for receiving the fund as trustee for Caroline S. Coutts, and the two trustees were directed to hold the fund in trust for the three children of testator, each share amounting to $323,000.

The present trustees contend that they were entitled on the last accounting to one-half of their commissions for paying out the trust fund held for the benefit of Caroline S. Coutts and to one-half commissions for receiving the fund of the three separate shares for the benefit of the three children. The Surrogate has held that there is in effect but one trust, pursuant to which the trustees were to hold the trust fund for the benefit of Caroline S. Coutts during her lifetime, and to continue to hold it for the benefit of the three children during their respective lifetimes, paying out one-third to the heirs of each upon their respective deaths. The Surrogate points out in his opinion that if the contention of appellants that they are entitled to commissions on the fund held for the three children were to be adopted, the practical result would be that the several fiduciaries would receive an aggregate of seven full commissions on the principal of the estate in addition to commissions payable on the annual income.

It should be noted that the will directs the executors " to divide the principal of the trust fund into three equal parts and one of said parts to hold and invest," etc. There is no specific direction that they are to pay to themselves as trustees the parts. The intent indicated by the language is that they are to continue to hold the original fund, but divided into parts. The learned Surrogate in his opinion relied largely upon the case of *Leask* v. *Beach* (173 App. Div. 873), where executors and trustees, after having received full commissions both as executors and trustees, sought additional commissions by reason of the fact that they were directed to pay over to themselves one-half of the sum to be held for certain beneficiaries after the death of the life tenant. Even with the positive direction to pay over, the court held that the executors and trustees were not entitled to commissions on the last three shares held after division. The appellants seek to distinguish that case, but their

arguments are not convincing. The question involved is the same as here presented.

Section 285 of the Surrogate's Court Act, if not directly applicable to the situation here presented, at least demonstrates the intent of the Legislature that double commissions are not to be allowable, in a situation such as this. That section provides in part that where successive or different letters are issued to the same person on the estate of the same decedent, including a case where letters testamentary or letters of general administration are issued to a person who has previously been appointed a temporary administrator, he is entitled to compensation in one capacity only, at his election, except that where he has received compensation in one capacity, he is entitled to the excess, if any, of the compensation allowed by law above the sum which he has already received in the other capacity. That section and section 1548 of the Civil Practice Act must be read together. The latter section provides for the commissions of a trustee except as otherwise prescribed in regard to a testamentary trustee.

It has been held that a testamentary trustee may, in a proper case, receive commissions where he is also executor. (*Olcott* v. *Baldwin*, 190 N. Y. 99.)

The only theory upon which the appellants may claim double commissions in this instance as trustees is upon the theory of successive trusts in the same estate and section 285 would prevent compensation in more than one capacity to these trustees even if there had been successive or different letters. Either there are successive trusts upon which successive letters might be issued, or there is but one trust. In either case, the trustees being the same persons, are entitled to compensation in but one capacity.

The appellants place their chief reliance upon *Matter of Johnson* (170 N. Y. 139) as authority for their contention that for purposes of commissions each division

of a primary trust fund created by a will after the death of the first life beneficiary should be considered a separate trust.

The question in that case was entirely different from that presented in the instant case. In *Matter of Johnson* the first two trusts created were contained in specific bequests, and the third, fourth and fifth were created out of the residuum of the estate after payment of debts and specific legacies and included the remainder left upon the falling in of the lives upon which the first and second trusts were founded. There was no question presented as to the right of the trustees to commissions upon the separate trusts but the question was as to their right to commissions thereon computed upon the basis of the amount of the gross estate. The gross estate being over $100,000, the trustees claimed commissions upon the separate trusts at the rate allowed for trusts exceeding $100,000 in value. The court held that the separate trust estates, being each less than $100,000, each trustee was not entitled to full commissions, but only to one-third thereof.

It should be noted that in that case no question of successive trusts in the same fund was presented. That is made clear in the opinion of the Appellate Division, in which the five grounds for reversal urged by the appellants are stated (57 App. Div. 494). The case is not authority for appellant's contention that where a will creates a trust fund, which the executors are directed to hold as trustees during the life of one beneficiary and upon her death to divide into three equal parts and hold the same and pay the income therefrom to other named beneficiaries during their lives, the trustees are entitled to full commissions upon the fund as trustees for the first life beneficiary and to full commissions as trustees for each of the beneficiaries of the separate parts into which the original fund is divided after the death of the first beneficiary.

This court in deciding cases where testators had willed property to trustees to pay over the income to one for life and thereafter to two or more beneficiaries for life, has referred to the secondary estates as separate trust estates, and to the trustees as trustees of separate trusts.

Those cases, invariably, involved the question of the legality of gifts over after the termination of life estates, and the statements that the provisions of the wills in question in those cases constituted separate trusts were made for the purposes of determining the legality of the provisions of the wills in question. The question of the right of trustees to commissions was not involved, and was not given consideration.

The order should be affirmed with costs payable out of the estate.

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; POUND, Ch. J., not voting.

Order affirmed, etc.