■ In the Matter of the Arbitration between SAMUEL KOHN et al., Copartners Doing Business as SAPHROGRAPH Co., Respondents, and JULIUS DREISINGER, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Concur — Breitel, J. P., Bastow, Botein, Rabin and Bergan, JJ.

■ In the Matter of JENNIE F. VENTURINI, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously confirmed, with $50 costs and disbursements to the respondent, and the petition dismissed. Concur — Breitel, J. P., Bastow, Botein, Rabin and Bergan, JJ.

■ In the Matter of ANTMARWIL REALTY CORP., Appellant, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent, and RICHARD J. DONOVAN, Intervenor-Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Bastow, Botein, Rabin and Bergan, JJ.

■ In the Matter of the Accounting of the CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee under the Will of CATHARINE T. MOULTON, Deceased, Appellant. BESS C. A. PULITZER, Individually and as Executor of and Trustee under the Will of MARY T. M. HANRAHAN, et al., Respondents.— We feel that the decision of the Court of Appeals in *Matter of Culver* (294 N. Y. 321) requires a modification of the decree of the Surrogate's Court insofar as it determined that Chase National Bank, as trustee, is not entitled to principal paying-out commissions. The clear import of the majority opinion in that case is that where a life income beneficiary of a trust creates a new trust under a power of appointment contained in the primary trust, particularly where the donee, although given the right to dispose of the principal absolutely, instead creates a new trust — a trustee, even though designated in both trusts, is not limited to one commission. The view of the majority in the *Culver* case was that in those circumstances, " there are two settlors, two instruments of trust, two actually different trusts and two sets of trustees " (*supra*, p. 325). In view of this precise and definite statement of the law by the Court of Appeals, we are required to hold that the Surrogate's decree is erroneous to the extent that it disallows the paying-out commission. Decree unanimously modified to the extent stated herein and, as so modified, affirmed, with costs and disbursements to the appellant. Settle order on notice. Concur — Breitel, J. P., Bastow, Botein, Rabin and Bergan, JJ.

■ JULIUS RESNICK, Appellant, v. MAX BITTLEMAN, Respondent.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. On this record there are issues of fact to be tried. Concur — Breitel, Bastow, Botein, Rabin and Bergan, JJ. [See *post*, p. 873.]