S. Samuel Di Falco, S.
In this proceeding to settle his final account as to one trust and his intermediate account as to two continuing trusts, the surviving trustee requests the payment of principal paying out commissions pursuant to the provisions of subdivision 1 of section 285-b of the Surrogate’s Court Act with respect to the terminated trust.
An understanding of the problem requires reference to the trust provisions of the decedent’s will. Under subdivision (a) of article Ninth thereof the testator created a trust of 50% of his residuary estate for the benefit of his wife Berenice. Upon her death he provided that the said trust was to be divided into two equal shares and added to the trusts created for his two daughters. Under subdivision (b) of article Ninth the testator created a trust of 25% of the residuary estate for the benefit of his daughter Miriam and under subdivision (c) of article Ninth an identical trust was created for the benefit of his daughter Leonie.
The death of the testator’s widow on July 21,1962 terminated the trust for her benefit and the fund in question must now be divided and paid over by the trustee to himself and a successor trustee, whose appointment is now being petitioned for, as trustees of the two continuing trusts created by the testator for his daughters. It is the trustee’s contention that the termination of the trust created by the testator for his wife entitles him as a matter of law to the payment of principal paying out commissions pursuant to the provisions of subdivision 1 of section 285-b of the Surrogate’s Court Act. The contention of the trustee cannot be sustained.
Although the testator carved three separate trusts out of his residuary estate he was dealing with one fund and his trustees were appointed to administer the one fund. The division of the fund into three separate parts may have been necessary in order to avoid the impact of the then existing statute against per *311 petuities, but this artificial division only emphasizes the fact that when ascertaining whether the power of alienation has been suspended for more than two lives the estate or fund is treated by our courts as a single undivided unit which came into being upon the death of the testator. There is here only one trust which was divided into separate parts which have different termination periods based upon the lives of the individual life beneficiaries. The termination of the first trust period has come to pass but the fund in its entirety is being continued in trust for additional periods of time measured respectively by the lives of each of the decedent’s daughters. As stated by Judge Delehanty in Matter of Ladew (183 Misc. 1020, 1022): “It is established law that when a will directs the holding of a fund in trust for one life and thereafter the holding of some or all of the same fund for another life only a single trust is created.”
The paying over by a trustee of a fund to himself or as in the case at bar to himself and another trustee to be continued in further trust does not constitute a distribution or paying out of principal which entitles the trustee to paying out commissions under the statute. The distribution contemplated by the statute is a final distribution to the ultimate beneficiaries thereof. (Matter of Coutts, 260 N. Y. 128; Leask v. Beach, 173 App. Div. 873; Matter of Hurlbut, 180 Misc. 681; Matter of Edwards, 183 Misc. 1014; Matter of Williams, 172 Misc. 430; Matter of Reckford, 181 Misc. 211.)
The accounting trustee errs in maintaining that the decision of the Court of Appeals in Matter of Culver (294 N. Y. 321) overruled the law of the cited cases and permitted the payment of commissions upon the termination of a trust even though the trust fund was being continued in further trust.
The rule of the law set forth in the cited cases has not been nullified. The Culver case (supra) which permitted the payment of commissions because of the intervention of a power of appointment exercised by the will of the donee of the power, in fact confirmed the rule established in the cited cases. As the Court of Appeals stated therein (p. 325): “ The fundamental and vital distinction between those cases and the instant case is that in each of them, one settlor set up one continuing trust for a two-life term by a single instrument. Under those circumstances, it could be said that there was but one trust and that a trustee thereof would be entitled to but one set of commissions. Here, however, there are two settlors, two instruments of trust, two actually different trusts and two sets of trustees.” (Matter of Rosenzweig, 57 N. Y. S. 2d 610; Matter of Moyse, 188 Misc. 1030.) In the case at bar we have a single trust instru *312 ment which created three trusts out of a single fund. Half of the fund is now to be divided and held in further trust for the life of the decedent’s daughters Miriam and Leonie. Until the death of each of the secondary life beneficiaries the trustee’s job will not be completed and there will be no distribution of the principal of the trusts which will entitle the trustee to the payment of paying out commissions.
The fees of the attorney fiduciary will be allowed only in the sums requested in the original petition for voluntary accounting and the citation issued thereon. The application for the appointment of the Bankers Trust Company of New York as successor trustee to Berenice Faroll, the deceased trustee, is granted.