John D. Bennett, S.
The trustees whose accounts are now being settled in this proceeding were appointed under the will of Alexander O. Burnham. The sole question now raised by the guardian ad litem for contingent infant beneficiaries and to be decided by the court is whether the assets of this trust amounting to about $490,000 must be paid over to .the executors of the decedent’s widow, Anna C. Burnham or should be paid directly to the trustees and beneficiaries named in her will. The guardian ad litem’s objection is that payment to the executors would result in unnecessary extra administration and expenses including additional commissions and counsel fees.
The will and estate assets of about $35,000 which personally belonged to Anna C. Burnham are being administered under the jurisdiction of the New York County Surrogate’s Court, but the issue raised here affects the executors of that estate, who, in their account (as this court is informed) have treated the assets of this trust as having been merged with the estate of the widow and on that basis request the New York County Surrogate to allow them executorial receiving and paying commissions upon these trust assets. Judge Midonick, my learned colleague and counterpart of that court, granted a motion of the guardian ad litem representing the same infants in a New York County proceeding .to defer his decision pending this court’s consideration of the questions involved.
This court must construe both wills, since the theory of the law is that the power of appointment granted by Alexander’s will to Anna is merely an authority (BPTL 10-3.1), the exercise .of which must conform to the authority given and is gov *584 erned by the principles of agency (Hillen v. Iselin, 144 N. Y. 365).
The decedent, Alexander, granted a general power of appointment which was exercised by the will of Ms widow, Anna. Accordingly there are two separate funds involved, namely, the fund being accounted for in this court by the trustees under Alexander’s will and the other funds or property which belonged to Anna in her own right. Since she exercised the power of appointment as the agent of her husband and pursuant to the authority granted by him, the trust funds involved here would pass under Anna’s will only to the extent and in the manner authorized by Alexander.
The questions and arguments on both sides have been capably briefed as well as discussed in conference by counsel for the various parties. With due apologies (and credit) to the current Readers’ Digest and its quotation of a government official taken from Funny Funny World: “ Things are unclear and attempts to impose clarity on the situation distort the facts.”
This court had occasion recently in an opinion involving the wills of Dave Simon and Eenee Simon (Matter of Simon, 75 Misc 2d 361) to discuss the same principles which are involved herein. They had also been carefully reviewed by the Bennett Commission, and the learned practice commentaries by Professor I. Leo Grlasser, appended to article 10 of the Estates, Powers and Trusts Law (McKinney’s Cons. Laws of N. Y., Book 17B), analyze the many facets of the law involved. Accordingly the court .sees no useful purpose to be gained by again reviewing the cases and authorities which have dealt with such principles but will merely deal generally with the arguments of counsel and the court’s own .opinion thereon.
One counsel makes the point that Anna effected a merger of the appointed fund with her own estate and therefore the court and fiduciaries must consider all the trust assets of Alexander 0. Burnham, as belonging to her estate .on the theory that her will shows such an intention. One basis for this argument is that she treated them alike for the dispositive purposes stated in her will. The language of Article fifth of Anna’s will is quoted in support of this argument: ‘ ‘ fifth : I direct my Executors or Trustees to divide all the rest, residue and remainder of my estate of whatever nature and wheresoever situated, including any property over which I have a power of appointment by Will, hereinafter referred to as my residuary estate, into two equal shares and to set aside one of such equal *585 shares primarily for the benefit of my daughter, Isabella L. Whelan, and to set aside one of such shares primarily for the benefit of my son, Alexander 0. Burnham, Jr., and to dispose of said shares as follows ”, (Emphasis supplied.)
It is urged that the quoted language is a direction to the fiduciaries under Anna Burnham’s will and not to the trustees under Alexander Burnham’s will because she used the word “my”, that the appointive property along with Mrs. Burn-ham’s own estate is therefore to be “divided” as well as “disposed” of by Mrs. Burnham’s fiduciaries and not by her husband’s trustees. They argue that the word “or” is of no consequence. Incidentally, the fiduciaries designated by Mrs. Burnham in her will are also the trustees under Mr. Burnham’s will.
In the court’s opinion such interpretation of Anna Burnham’s intentions is much too strained. Her language merely shows that she was aware of the fact that she was disposing of two different funds. There is no language in Mrs. Burnham’s will which expresses any intention on her part to effect a general merger of both funds. The language quoted amounts to nothing more than an expression of her intent to exercise the power of appointment and to send the trust funds in the same direction as her own personally owned estate. The language indicates that she wanted her own estate and her husband’s trust fund divided and disposed of in the same manner. She did not care which fiduciaries accomplished this, stating for clarification that her own estate and the property over which she had the power of appointment would be “ hereinafter referred to as my residuary estate ’ ’. She did not, however, appoint the trust funds to her own executors.
Begardless of the fact that Mrs. Burnham referred to the fiduciaries as “her” fiduciaries, the rule is that any trustees designated by the donee of a power of appointment to administer the appointed fund under a further trust should normally qualify in the court or jurisdiction having authority over the donor’s estate (see cases cited by Surrogate Jaeger of Westchester County in Matter of Snelham, 69 Misc 2d 860). In this case the trustees are the same and for all practical purposes it probably makes no difference whether .the new letters of trusteeship are issued here or in New York County. The real dispute involves only the question of how much compensation they should receive and whether there should be additional executorial commissions on a double transfer of Alex *586 ander’s trust funds from the trustees under his will to Anna’s executors and then from Anna’s executors again to the trustees.
The court agrees with the reasons and the recommendations of the guardian ad litem’s report filed in this proceeding and holds that there should be no “double commissions ” in this situation since there is no clear direction by Mrs. Burnham, explicit or implied, that the trustees acting under her husband’s will should turn over the relatively large assets in their control to he “ merged ’ ’ with her comparatively small estate.
It appears from the figures referred to in the report of thp guardian ad litem and statements of counsel that the executorial estate of Anna C. Burnham is probably sufficient to pay her debts, funeral and administration expenses as well as to pay the preresiduary legacies under her will without resorting to the appointed fund. The residuary gifts of $10,000 to daughter Isabella and the $5,000 to granddaughter Alexandra may likewise he paid in whole or in part from the individual residuary estate of Mrs. Burnham; however as this court views the combined situation, the problems, if any, would merely require the fiduciaries to resort to the principles of marshalling and to that extent the trustees may he called upon by themselves as executors to pay to the executorial estate whatever deficiency may exist so as to effectuate the complete intention of Anna Burnham. This deficiency may arise since she directed her executors under Article texth to pay all estate taxes without apportionment. Whatever part of the appointive fund it becomes necessary to apply toward such taxes (or any other debts or administration expenses), the trustees may be called upon to make up the difference.
The Surrogate’s Court of New York County will certainly award appropriate compensation to the fiduciaries who are under its jurisdiction, hut there appears no reason why the entire trust fund of $490,000' should he turned over to the executors and then all or part back to the trustees. As trustees under Alexander’s will, they shall be entitled to paying commissions on whatever funds they pay out, either in the marshalling process to themselves as executors or to themselves as trustees under Mrs. Burnham’s will. The court believes that this would he in accordance with Matter of Culver (294 N. Y. 321), Matter of Moulton (1 A D 2d 771), and Matter of Davis (26 A D 2d 782).
The situation here is somewhat similar to that described in Matter of Snelham (69 Misc 2d 860, 862, supra). What Anna C. Burnham did in our case was give or 1 ‘ appoint two funds to *587 hex trustees: —one was the rest of her property and the other was the appointive property. The former passes from her executor to her trustees; the latter from the donor’s trustee directly to the donee’s trustee without going through the donee’s estate. The effect of the donee’s disposition is that the two funds, once they reach the hands of the donee’s trustee, will become merged into a single fund. In short, under her testamentary plan the two funds are to be paid to her trustee named in her will and together are to constitute the corpus of the trust created by her. The court sees no reason why this plan cannot be effectuated.”
Reverting to the mátter of jurisdiction and letters of trusteeship, unless Judge Midonick or Judge DiFalco of that court prefer to follow the example of Judge Jaeger and depart from the usual rule, this court will issue new letters of trusteeship to the trustees to administer the trusts under the authority of the will of Alexander 0. Burnham but in accordance with the directions of the will of Anna C. Burnham.