Evans V. Brewster, S.
In this uncontested accounting proceeding, a question has arisen with respect to the allowance of commissions.
Under Article Twelfth of decedent’s will, two trusts were created. Trust A was a standard marital deduction trust over which the wife was given a testamentary power of appointment. The balance of the residuary was placed in trust (Trust B), with all the net income therefrom payable to the wife. Upon her death, after providing for the payment of certain bequests from the principal, the remaining balance was to be held in further trust with all the net income to be paid to the brother, Lloyd Bedford Cox, during his life. Upon his death, the principal was to be distributed to his two named children, Lloyd Bedford Cox, Jr. and Martha Louise Cox, per stirpes. Upon the failure of his wife to validly exercise the power of appointment over the marital trust, testator directed that the principal shall be added to the residuary trust (Trust B).
Decedent’s wife died February 19, 1974 leaving a will dated February 22, 1973 which was admitted to probate by the court on April 2, 1974. Article Fifteenth of the wife’s will states as follows: "Fifteenth: Exercising the power of appointment therein and thereby given to me, I direct that the corpus of the trust that is held in trust for me under paragraph 'Twelfth A’ of the Last Will and Testament of my husband, *688 James Lloyd Cox to be paid over and delivered to the executors and trustees, or to the survivor of them, or to their successor, of my husband’s estate to be added to the corpus of the trust established by his will for the benefit of Lloyd Bedford Cox and his children, Lloyd Bedford Cox, Jr. and Martha Louise Cox.”
Lloyd Bedford Cox, a cotrustee under the donor’s will, and a corporate fiduciary were named and qualified as executors of the wife’s estate. Her will did not create any trusts and no provision for trustees was made.
In the final accounting of the marital trust herein, the surviving trustees claim , that by reason of the exercise of the power to appoint by the deceased wife, they are entitled to a 1% payout commission of the principal. As authority for their position they cite and quote from Matter of Culver (294 NY 321), Matter of Snelham (69 Misc 2d 860) and Matter of Smith (79 Misc 2d 105) where paying commissions were allowed to the trustees of the donor’s estate. However, these cases and the authorities cited therein are clearly distinguishable. The rationale of these decisions is clearly stated in Matter of Moulton (1 AD2d 771). "[W]here a life income beneficiary of a trust creates a new trust under a power of appointment contained in the primary trust, particularly where the donee, although given the right to dispose of the principal absolutely, instead creates a new trust — a trustee, even though designated in both trusts, is not limited to one commission. The view of the majority in the Culver case was that in those circumstances, 'there are two settlors, two instruments of trust, two actually different trusts and two sets of trustees’ (supra, p. 325).” In the instant case while there has been a purported exercise of the power of appointment by the will of decedent’s wife, no new trust was created and no new trustees were appointed. The provisions of the donor’s will are merely reaffirmed and the residuary trust, while augmented by the appointive fund, is continued under the same terms and conditions. The failure of the donee to exercise the power of appointment would have resulted in the same disposition of the appointed fund.
By Article Fifteenth of her will, decedent’s wife made it clear that she was aware of the power of appointment given to her. Nevertheless, she asserted her satisfaction with the disposition of principal as set forth in her husband’s will. The court would be hard pressed to believe that she intended the trust *689 ees of the marital trust to pay the principal from one pocket to her executors who would then return it to the trustees to put in their other pocket for the residuary trust. Rather it is as if the donor in his will created a single trust with successive income beneficiaries. In such cases, no payout commission is payable at the death of the primary income beneficiary (Matter of Coutts, 260 NY 128; Leask v Beach, 173 App Div 873; Matter of Faroll, 39 Misc 2d 309). Accordingly the allowance of payout commissions is denied. Settle decree upon bringing account down to date.