John D. Bennett, S.
In this accounting proceeding the court is requested to determine the extent of annual trustee’s commissions to be paid to the trustee.
Under the terms of the decedent’s will a trust was created for the benefit of the decedent’s spouse. She was to receive the income and upon her death the trustee was to divide the remaining corpus into four separate, distinct and equal trusts each for the benefit of the decedent’s four children for life with the remainder to their issue. The decedent’s spouse has died and the trustee has funded the four separate trusts. The trustee concedes that it is not entitled to paying out commissions as a result of paying out and funding the four trusts for the decedent’s children (Matter of Knoop, 283 NY 267; Matter of Coutts, 260 NY 128; Leask v Beach, 173 App Div 873; Matter of Griffith, 66 Misc 2d 349; Matter of Burnham, 58 Misc 2d 777; Matter of Faroll, 39 Misc 2d 309; Matter of Stewart, 189 Misc 569; Matter of Zinn, 188 Misc 675; Matter of Reckford, 181 Misc 211; Matter of Williams, 172 Misc 430; Matter of Baylis, 144 Misc 260; Matter of Morgan, NYLJ, Aug 16, 1930, p 2266, col 3). However, the trustee takes the position that it is entitled to a full annual commission for each of the trusts pursuant to SCPA 2308. The guardian ad litem has not interposed objections to the relief sought. The court and the attorneys for the petitioner have been unable to find any case in point, but nonetheless the court finds that the trustee would be entitled to an annual commission on each of the trusts and the annual commissions are not limited to aggregating the corpus of the four separate and distinct trusts and then computing annual commissions on the gross fund and apportioning such commissions among them.