OPINION OF THE COURT
Renee R. Roth, S.
The right of the trustee of this pre-1956 trust to receive paying-out commissions has been raised by the guardian ad litem (SCPA 2308 [1]).
Testator Edmund Lynch died in 1938. Under article third of his will, he created a trust for the life income benefit of his wife. Upon the wife’s death, the principal of her trust was to be used to fund subtrusts for his children then living, with principal to be paid to the children as they attained age 35. However, the wife was given a testamentary power to change the direction in the will by either appointing the principal outright to the children or instead of the trust terminating at age 35 she could appoint in further trust for the lives of the children with remainder to their issue.
Mrs. Lynch died in 1980, some 42 years after her husband. Although the children were at that time over 35 years old, Mrs. Lynch in her will exercised her power of appointment *680 and appointed the principal in further trust for the life of the children with remainder to their issue. She designated Bankers Trust Co. (the trustee of her trust) as trustee of the children’s subtrusts.
The trustee has filed its final account in the estate of Edmund Lynch, the donor of the power of appointment. In accounting for the principal of the trust for the life income benefit of Mrs. Lynch, the trustee is distributing that principal to itself as trustee of the subtrusts created by Mrs. Lynch as donee of the power of appointment. In schedule H of the account, the trustee requests paying-out commissions from Mr. Lynch’s estate for distributing the principal to itself as trustee of the subtrusts in Mrs. Lynch’s estate.
The guardian ad litem for an infant remainderman has filed objections to the allowance of such commissions citing the "relation back” principle of law governing powers of appointment.
This doctrine was described by Surrogate Sobel in Matter of Smith (79 Misc 2d 105, 107) as one of "agency”. He observed that: "The theory is that a donor of the power appoints the donee as his agent to fill in the provisions of his will, albeit long after his own death. When the donee appoints the appointive property in further trust, under the relation back doctrine the donor’s trust and the donee’s trust are deemed a single continuing trust to be administered in the donor’s estate (not the donee’s) and all this though the income beneficiaries and the remainderman are different persons.”
The doctrine has created a great variety of problems unrelated to the issue of commissions. It has been discussed frequently and has been described as eroding (see, Professor [now Judge] I. Leo Glasser, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-3.1, 1984-1985 Pocket Part, pp 234-235; Restatement of Property, ch 25, at 1811-1812; Simes, Future Interests § 915; 45A NY Jur, Powers, § 62 [doctrine of "relation back”]; Matter of Smith, supra; Matter of Simon, 75 Misc 2d 361; Matter of Snelham, 69 Misc 2d 860).
The guardian ad litem and the trustee do not disagree as to the principles of law applicable to trustee’s commissions. They disagree however with respect to the application of the law to the unusual provisions of article third of Mr. Lynch’s will. Two separate principles of law have to be considered.
In the first category, the law is well settled that whenever a testator creates a single trust for two or more income benefi *681 ciaries (whether they are concurrent or successive interests) the trustee does not receive paying-out commissions until all the income beneficiaries are dead or the trust earlier terminates. The trustee thus may not collect commissions on the death of any one income beneficiary (Matter of Coutts, 260 NY 128; Leask v Beach, 173 App Div 873).
This first category also includes the situation where a testator has created two separate trusts for two different income beneficiaries with the direction that upon the termination of one trust the principal is to be poured-over into the other. Even in this situation, the trustee of the first trust has not been allowed paying-out commissions until both trusts have terminated (Matter of Johnson, 170 NY 139; Matter of Faroll, 39 Misc 2d 309; Matter of Burnham, 58 Misc 2d 777). It is noted, however, that in these three cited cases, the trustees of both trusts were the same. It is likely that paying-out commissions would be allowed where the trustees are different since they have been allowed when an executor accounts to himself or to another fiduciary in the separate capacity of trustee (see, Matter of Saphir, 73 Misc 2d 907, 915, and cases cited).
The second category consists of those cases where a testator has created a single trust but given the income beneficiary a testamentary power to appoint the principal in further trust. The early cases applied the "relation back” doctrine and refused to allow the donor’s trustee paying-out commissions for distributing the principal to the donee’s trustee whether trustee was the same person or not (see, In re Deutch’s Estate, 65 NYS2d 332, and cases cited). However, in this category, as previously observed, the "relation back” doctrine has been eroded. A series of cases beginning with Matter of Culver (294 NY 321) has consistently held that the donor’s trustee may receive paying-out commissions for distributing principal to the new trust created by the donee whether or not the trustees are the same (Matter of Culver, supra; Matter of Davis, 26 AD2d 782 [1st Dept 1966]; Matter of Moulton, 1 AD2d 771 [1st Dept 1956]; Matter of Wing, 86 Misc 2d 922; Matter of Smith, supra; Matter of Snelham, supra; Matter of Brown, 192 Misc 96; Matter of Williams, 172 Misc 430).
The present law is clearly stated in Matter of Moulton (supra, p 771) in which the First Department construed the then recent decision of the Court of Appeals in Matter of Culver (supra) as follows: "The clear import of the majority opinion in that case is that where a life income beneficiary of *682 a trust creates a new trust under a power of appointment contained in the primary trust, particularly where the donee, although given the right to dispose of the principal absolutely, instead creates a new trust — a trustee, even though designated in both trusts, is not limited to one commission. The view of the majority in the Culver case was that in those circumstances, 'there are two settlors, two instruments of trust, two actually different trusts and two sets of trustees’ ”.
As previously mentioned, there is no disagreement between the trustee and the guardian ad litem as to the principles of law. Both cite the correct principles. Their sole disagreement is with respect to the application of these principles to the unusual provisions of testator’s will.
As noted earlier, Mr. Lynch in article third of his will did create two trusts, one for his wife and one for his children. Under the first category of cases previously cited, the trustee would be denied paying-out commissions. However, testator also gave his wife (the life income beneficiary) the right to appoint the principal of her trust either outright or in a further trust — and thus different trust (see, Matter of Cox, 85 Misc 2d 686) — to their children. Under the second category of cases, the trustee would be allowed paying-out commissions.
The court determines that, by giving Mrs. Lynch in that part of article third following "provided however” the power to appoint the principal of her trust either outright or in a further and thus different trust, testator in effect amended the earlier part of article third which provided for a pour-over of principal to subtrusts for the children. The trust provision therefore falls within the second category of cases discussed which allows paying-out commissions to the trustee of the donor’s trust for the distribution of principal to itself as trustee of the new trusts created by the donee in the exercise of her testamentary power of appointment.
Accordingly, the court holds that the donee’s trusts are new trusts and with regard to commissions such trusts will be governed by SCPA 2309 applicable to post-1956 trusts.