OPINION OF THE COURT
C. Raymond Radigan, J.
The sole question arising in this proceeding for judicial *122 settlement of the trustee’s account is the entitlement of the fiduciary, Long Island Trust Company (LITCO), to a commission on paying over principal on hand to itself as trustee of another inter vivos trust fund (SCPA 2309). Although the settlement of its accounts is unopposed, the absence of objections does not permit the trustee to unilaterally determine its right to commissions free from review by the court (Matter of James, 23 AD2d 529).
On September 10, 1968, the settlor, Reginald Steen, created a trust which provided for the payment of income to his daughter and her children, during her lifetime, and for the distribution of the principal upon his daughter’s death to her living children or the issue of her predecéased children. LITCO was named as the sole trustee.
On March 12, 1975, Mr. Steen created another trust providing for the payment of income to himself for life and for the division of the principal into Funds A and B upon his death. The settlor died shortly after the creation of this trust survived by his wife, Heloise Steen, and his daughter, Pamela Rexrode.
The income from Fund A (a marital deduction trust) was made payable to the settlor’s wife with the principal being subject to her power of appointment. On the wife’s death in 1983, she appointed the principal outright to her children, James and George Meeks. LITCO, which was also designated as trustee of Funds A and B, has judicially settled its accounts with respect to the first fund.
The income from Fund B was also made payable to the settlor’s wife during her life, but the principal on her death was given in part to Denise Craft, a niece (6Vi%), the wife’s two children (23%), and the balance (71%) to LITCO, as trustee for the purpose of adding that share to the 1968 trust. Is LITCO entitled to a commission under SCPA 2309 (1) for paying over this principal from one trust to the other?
Commissions payable to a trustee on the settlement of his account under the will of a person dying after August 31, 1956 are regulated by SCPA 2309. The court must allow to the trustee for his services a commission from principal for paying out all sums of money constituting principal at the rate of 1% (SCPA 2309 [1]).
Where a trustee is appointed under a single trust or pursuant to one instrument for several successive income beneficiaries he is not entitled to any commission for turning over to *123 himself that part of the fund which was required to be held in further trust after the death of the primary life tenant (Matter of Coutts, 260 NY 128; Matter of Fuller, 86 Misc 2d 652; Matter of Reckford, 181 Misc 211, 217). The rule is aimed at preventing the payment of double commissions to the same person who acted as trustee of both the prime and successive trusts created under the will of a decedent (Matter of Coutts, supra; Matter of Reckford, supra). Consequently, where a trust is created with a direction that the principal, upon its termination, be poured into a second trust also created by the same instrument, the trustee is not entitled to pay out commissions until both trusts have terminated (Matter of Faroll, 39 Misc 2d 309). The distribution contemplated by the statute is a final distribution to the ultimate beneficiaries so that the paying over of a fund by the trustee to himself to be retained in further trust pursuant to the same instrument does not constitute a payment of principal which entitles the trustee to commissions under the statute (Matter of Burnham, 58 Misc 2d 777, 779). The result is reached under the theory that only one trust is created when a will or trust indenture directs the holding of a fund in trust for one life and thereafter the continued holding of part or all of the same fund for another life (Matter of Ladew, 183 Misc 1020, 1023; see also, Matter of Culver, 294 NY 321, 325; Matter of Coutts, supra).
The fiction of finding a single trust where multiple trusts existed was also applied with respect to trusts created under a power of appointment by use of the so-called "relation back” doctrine. "The theory is that a donor of the power [of appointment] appoints the donee as his agent to 'fill in’ the provisions of his will, albeit long after his own death. When the donee appoints the appointive property in further trust, under the 'relation back’ doctrine the donor’s trust and the donee’s trust are deemed a single continuous trust to be administered in the donor’s estate (not the donee’s) and all this though the income beneficiaries and the remainderman are different persons” (Matter of Smith, 79 Misc 2d 105, 107).
Under the relation back doctrine, commissions are denied to a trustee where the donee of a power of appointment elects to appoint the property in further trust. On the other hand, the payment of commissions is not restricted where the donee appoints the property outright rather than placing the fund in another trust. The result is incongruous, as was pointed out in Matter of Smith (supra), and has led to an eroding of the doctrine (Matter of Lynch, 129 Misc 2d 679; Matter of Wing, 86 *124 Misc 2d 922) but not its extinguishment (see, Matter of Cox, 85 Misc 2d 686). By statute (EPTL 10-6.9) the trustee of a trust created by the donee of a power of appointment no longer need qualify in the donor’s estate. The courts have also restricted the rule by limiting its application to cases where the same person acts as trustee for multiple or successive trusts created pursuant to the same will or indenture. Today, whenever two distinct trusts are created by separate instruments under which the trustee in each trust must separately account the allowance of a commission on paying out the principal to the second trust is proper (Bogert, Trusts and Trustees § 979, at 179 [2d ed 1983]). Where the last situation prevails, the trustees are not limited to one commission even though the same person or persons act as trustee in each trust (Matter of Culver, 294 NY 321, supra; Matter of Moulton, 1 AD2d 771; Matter of Lynch, supra; Matter of Smith, supra).
The indentures of trusts with which the court is concerned cannot be treated as a single trust. Each was separately created and the one is distinct from the other in point of time and purpose of creation. Under these circumstances, the coincidence of naming the same bank as trustee of both trusts cannot be construed as a continuance or merger of the second trust into the first (Matter of Culver, supra; Matter of Moulton, supra). Accordingly, the trustee is allowed a 1% payout commission pursuant to SCPA 2309 (1).
The decree, subject to audit, will be signed if found to be in proper form.